JjUOOKS, Judge.
Appellant Teri Groth Crawford (Groth) appeals the judgment of the trial court ordering a reduction of child support in favor of William B. Crawford (Crawford), Groth’s ex-husband. The court ordered Crawford to pay $631.00 per month, payable one-half on the first of each month and one-half on the fifteenth of each month, plus medical benefits. We reverse the court’s judgment and remand this case to the trial court with instructions in accordance with the decision herein.

FACTS AND PROCEDURAL BACKGROUND

On July 7, 1998, Groth’s and Crawford’s marriage ended in divorce when Crawford filed a petition for divorce. The marriage produced two minor children. On July 31, 1998, Groth and Crawford entered into a stipulation and consent judgment agreeing to share the custody of the children by alternating seven days of physical custody with each parent. In addition, Crawford agreed to pay $1,250.00 per month for support and maintenance of the children, plus medical insurance, and private school tuition for both the children “from Kindergarten through Twelfth Grade.”
On December 15, 1999, Crawford filed a rule to reduce child support in the 15th Judicial District Court (JDC) in Lafayette Parish. Pursuant to La.R.S. 46:236.5, the matter was scheduled for a conference before a hearing officer. On February 2, 2000, the hearing officer, Dennis Bundick (Bundick), conducted the conference and subsequently made a recommendation. Bundiek’s report noted the couple had substantial assets that exceeded the guidelines. His report recommended that Crawford pay $1,014.10 per month in support. To determine this figure, Bundick used a worksheet which was attached as page two (2) of the report. We note, however, page one of Bundick’s report contains a box that is usually checked by hearing officers to indicate to the parties that a worksheet was used to calculate the *363 12figures. Bundick, through inadvertence, did not check the box indicating use of a worksheet. Moreover, the first page of his report did not state how the minor children’s school tuition would be paid, nor did it state the percentage of support each parent was required to pay. Bundick’s report, on page one, under the heading “HEARING OFFICER’S RECOMMENDATIONS,” stated the following:
That defendant [Crawford] be order to pay support of $1,014.10, per month, payable lk on the 1st & 15th day of each month, commencing on the 15th day of December, 1999.... That defendant be ordered to provide medical insurance for his minor child(ren). Extraordinary medical expenses as defined in RS 9:315.1(3) should be paid by the parties in the same percentage their income bears to the whole.
Page two of Bundick’s report was the worksheet he used. It contained notations indicating who should pay school tuition and what percentage of support each parent should pay. Based on the parties’ incomes, the worksheet recommended Groth pay 22.2% of the support ($466.00 per month) and Crawford pay 77.8% of the support ($1480.00 per month). Under the “Comments” section of the worksheet appears the following: “Using the Nixon set-off, [the] father [Crawford] would owe $l,480[.00]-$466[.00] = $1,014.00. If he paid tuition directly, it recommended he pay $631.00 plus tuition.” Crawford agreed to pay the tuition directly.
On February 3, 2000, Crawford filed an exception to Bundick’s recommendations which was scheduled for hearing on March 22, 2000. Crawford’s petition disputed Bundick’s recommendation and requested continuation of the child support payments in accordance with the previous stipulations between the parties.
On August 9, 2001, apparently under the advisement of new counsel, Crawford moved to dismiss the exception he filed attacking Bundick’s recommendation and requested that Bundick’s recommendations be accepted as a final judgment. Groth did not object. However, because the parties could not agree on the wording of the | ajudgment, each submitted proposed judgments for the trial judge’s consideration. Groth submitted a judgment based only on page one of Bundick’s recommendation, thereby excluding the worksheet. Crawford submitted a judgment based on page one of Bundick’s recommendations, but included the worksheet. The trial court subsequently signed Crawford’s proposed judgment on August 31, 2001. It is that judgment Groth now appeals.

DISCUSSION

Groth contends the trial court committed manifest error by signing Crawford’s proposed judgment which incorporated Bundick’s worksheet as part of his recommendation. Because Bundick did not check the appropriate box on page one of the report to indicate a worksheet was used, she suggests that only the first page of the hearing officer’s report constituted his written recommendation pursuant to La.R.S. 46:236.5(0(5).
Pursuant to local rules, the 15th JDC utilizes hearing officers to facilitate pretrial adjudication and is authorized to do so under La.R.S. 46:236.5. La.R.S. 46:236.5. reads in pertinent part as follows:
C. An expedited process for ... the establishment and enforcement of support using hearing officers shall be implemented as follows:
[[Image here]]
(1) The judge or judges of the appropriate court or courts for the ... establishment and enforcement of support shall appoint one or more hearing offi *364 cers to hear paternity, support, and support-related matters.
[[Image here]]
(3) The hearing officer shall act as a finder of fact and shall make recommendations to the court concerning the following matters:
(a)Establishment and modification of support.
[[Image here]]
|4(5) The written recommendation of the hearing officer shall contain all of the following:
(a) A statement of the pleadings.
(b) A statement as to the findings of fact by the hearing officer.
(c) A statement as to the findings of law based on the pleadings and facts, including his opinion thereon.
(d) A proposed judgment.
(Emphasis added). Under La.R.S. 46:236.5(0(8), if a defendant disagrees with the findings of the hearing officer, he or she is entitled to a de novo standard of review by a court of competent jurisdiction. La.R.S. 46:236.5(0(6) and 236.5(C)(7) further state,
(6) Any party, within the time and manner established by court rule, may file an exception to the findings of fact or law of the hearing officer. Upon filing of the exception, the court shall schedule a contradictory hearing to be held before the judge who shall accept, reject, or modify in whole or in part the findings of the hearing officer. If the judge in his discretion determines that additional information is needed, he may receive evidence at the hearing or remand the proceeding to the hearing officer.
(7) If no exceptions are filed within the time established by court rule, an order shall be signed by the judge, which shall be a final judgment and be appealable to the appropriate court of appeal.
(Emphasis added). The 15th JDC’s Local Rule 65(C),[1] authorized by La.R.S. 46:236.5(C)(6)-(7), granted Groth three days from the date of the hearing conference report to object to Bundick’s recommendations. If a hearing officer’s conference report is not contested within the three day delay, the recommendation should be |5presented to the trial court for signature as a final order. See Local Rule 65(C) and La.R.S. 46:236.5(C)(6)-(7). “A certification to the hearing officer’s recommendation must be attached to the final order.” Local Rule 65(C); See C.G.D. v. M.W.D, 00-1492 (La.App. 3 Cir. 2/28/01), 782 So.2d 1128. In addition, the hearing officer’s recommendation shall contain a proposed judgment. La.R.S. 46:236.5(0(5).
Groth argues she was entitled to a contradictory hearing[2] under La.R.S. *365 46:236.5(6) — a hearing she would have requested but for Bundick’s failure to mark the box indicating a worksheet was used. She essentially contends that only page one of Bundick’s report should have constituted the hearing officer’s “recommendation” as provided under Local Rule 65(C) and La.R.S. 46:236.5, and that only page one should have been submitted as a final order to be signed by the trial court pursuant to Local Rule 65(C). She suggests had she been made aware of Bundick’s use of the worksheet, she would have requested the hearing within the three-day time period and likely would have been successful in contesting Bundick’s recommendation. She now requests this court reverse the trial court’s judgment and make page one of Bundick’s report a final judgment or, in the alternative, remand the matter to the trial court, ordering it to conduct a contradictory hearing.
Based on our review, we find the hearing officer failed to include in his recommendation a proposed judgment as required by La.R.S. 46:236.5(0(5). The statute states the hearing officer’s written recommendation shall contain: a statement | fiof the pleading, a statement as to the finding of fact by the hearing officer, a statement as to the finding of law based on the pleadings and facts, including his opinion thereon, and a proposed judgment.
Furthermore, though it is obvious Bun-dick mistakenly did not check the box indicating use of a worksheet, it is equally obvious his failure to do so misguided Groth and Crawford. Because the parties could not agree on the wording of the judgment, each submitted a proposed judgment. Groth’s submission incorporated the language found on page one of Bundick’s report, while Crawford’s submission incorporated page one and the attached worksheet. Although the submissions clearly indicated the parties were confused and a problem existed in the form of the his report, Bundick still failed to prepare his own proposed judgment as required.
Accordingly, we remand this case to the trial court instructing that the hearing officer comply with Local Rule 65(C) and La.R.S. 46:236.5 and that he prepare and forward a proposed judgment to the trial judge. Both parties then will have opportunity to request a contradictory hearing as provided by La.R.S. 46:236.5(C)(6) if he or she wishes to contest the hearing officer’s recommendation. The trial court cannot alter the hearing officer’s recommendations without giving the parties an opportunity to be heard. See C.G.D. v. M.W.D., 00-1492 (La.App. 3 Cir. 2/28/01), 782 So.2d 1128.

DECREE

For the forgoing reasons, the judgment of the trial court is hereby reversed and the case is remanded to the trial court with instructions. All costs of this proceeding are equally assessed against Teri Groth Crawford and William B. Crawford.
PETERS, J., concurs in part and dissents in part and assigns written reasons.
GREMILLION, J.; concurs in part and dissents in part for reasons assigned by PETERS, J.
REVERSED AND REMANDED.

. Rule 65(c) provides:
4. After the hearing officer makes the recommendation, the parties will have three (3) days, exclusive of legal holidays, from the date of the hearing, to object to the hearing officer’s recommendation.
5. If the hearing officer's recommendation is not objected to within three (3) days, then the hearing officer's recommendation becomes a final order and may thereafter be presented to the court for signature. A certification to the hearing officer’s recommendation must be attached to the final order.

. La.R.S. 46:236.5(C)(6) provides:
Any party, within the time and manner established by court rule, [here Rule 65(C)5,] may file an exception to the findings of fact or law of the hearing officer. Upon filing of the exception, the court shall schedule a contradictory hearing to be held before the judge who shall accept, reject, or modify in whole or in part the findings of the hearing officer. If the judge in his discretion deter *365 mines that additional information is needed, he may receive evidence at the hearing or remand the proceeding to the hearing officer.