NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
11-289

NICOLE LORMAND

VERSUS

DAVID A. LORMAND

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2010-4869
HONORABLE H. WARD FONTENOT, PRESIDING

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

Harold D. Register
P.O. Box 80214
Lafayette, LA 70598
Counsel for Plaintiff/Appellant:
    Nicole Lormand

Michael C. Piccione
Evelyn S. Adams
P.O. Box 2370
Lafayette, LA 70501
Counsel for Defendant/Appellee:
    David A. Lormand

**PAINTER, Judge**.

Plaintiff, Nicole Lormand, appeals the trial court's custody judgment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Nicole and David Lormand were married in January 2004, having had one child, Mayci, born prior to the marriage in November 2003. Nicole filed a petition for divorce in July 2010. In her petition, Nicole asked to be given sole custody of the child, with reasonable visitation to David. David answered the petition and entered a reconventional demand asking, among other things that are not the subject of this appeal, for sole custody of the child or, alternatively, for joint custody. A hearing officer conference was set for September 15, 2010. On that date, the hearing officer ordered drug testing of both parties.

Selena Lormand, David's mother, intervened in the action alleging that she had custody of the child and asking for sole custody or, alternatively, for joint custody with the parents. With her intervention, Selena filed a "Provisional Custody by Mandate" signed by the parties and the court on December 10, 2007, in which she was granted custody of the child for one year by the consent of the parents.

The trial court set a hearing on the petition for intervention for January 19, 2011. On November 4, 2010, David and Selena filed an "Ex Parte Motion and Order for Immediate Custody" alleging that Nicole had tested positive for marijuana and hydrocodone use and that, as a result, they should be granted immediate custody of the child with supervised visitation for Nicole pending the action on the original custody motion. On that date, the trial court ordered immediate surrender of the child and supervised visitation for Nicole. The court further set the matter for a hearing

1

for November 18, 2010, set a hearing officer conference for January 19, 2011, to determine permanent custody, and, in the case that all issues were not resolved, a court hearing on February 3, 2011. In response, Nicole filed a "Motion to Null and Void Ex Parte Order of Custody and Rule to Show Cause." According to the court's minutes, the court granted Nicole's petition at the November 18, 2010 hearing. The order signed that day states: "The Ex Parte Motion and Order for Custody concerning the minor child, Mayci Lormand, is made null and void on its failure to comply with Article 3945 or the Louisiana Code of Civil Procedure. See hearing officer recommendation."

On November 16, the Hearing Officer Conference Report was filed with the trial court, copies having been faxed to the parties the previous day. The report included the following recommendation:

> It is recommended that the parties shall have the joint custody of the minor child with the father designated as the primary domiciliary parent. At the hearing, both parties vehemently asserted that he/she did not have a drug problem. Drug testing was ordered. The father tested negative, but the mother tested positive for hydrocodone and marijuana.
>
> The mother shall have supervised visitation to be supervised by a mutually agreed upon person. If the parties cannot agree as to the supervisor of the mother's visitation either party or his/her counsel may set up a telephone conference with the hearing officer to discuss the appointment of an appropriate supervisor.
>
> It is recommended that the mother have alternating weekends with the minor child during the day in Louisiana on Saturdays and Sundays from 10 am until 6 pm under the supervision of a mutually agreed upon third party. If the mother moves back to Louisiana, she may seek expansion of her regular visitation as the court most certainly would set up a schedule providing for more frequent custodial times. It is further recommended that the parties share time on Thanksgiving, Christmas Eve and Christmas Day with the mother having visitation each afternoon of those holidays from 3 pm until 9 pm under the direct supervision of a mutually agreed upon person. The supervisor shall adhere to the rules pertaining to supervisors attached hereto and made a part hereof.

2

It is further recommended that the father is permitted to demand three random drug tests, including hair follicle and urine tests, over the next nine months upon his counsel contacting mother's counsel in the morning and the mother submitting to testing within 24 hours of the request. She shall not alter her hair in any manner (no dye, no cutting, etc.) after the request is made and before the hair sample is taken. The tests shall be at her costs.

No objections were filed to the hearing officer's recommendations. On November 18, 2010, David and Selena again filed an "Ex Parte Motion and Order for Immediate Custody," this time in compliance with the provisions of La.Code Civ.P. art. 3945. The court again ordered immediate turn over of the child with supervised visitation to Nicole and set a hearing on the motion for December 21, 2010. However, on December 21, 2010, the trial court signed the judgment attached to the hearing officer's recommendations declaring the recommendations to be the judgment of the court.

## DISCUSSION

Hearing Officer Recommendation Deficiency

Nicole first asserts that the trial court erred in declaring the hearing officer's recommendations to be the judgment of the court because the recommendations did not contain a statement of the findings of law as required by La.R.S. 46:236.5(C)(5), which states that:

The written recommendation of the hearing officer shall contain all of the following:

(a) A statement of the pleadings.

(b) A statement as to the findings of fact by the hearing officer.

(c) A statement as to the findings of law based on the pleadings and facts, including his opinion thereon.

(d) A proposed judgment.

3

Nicole had the opportunity to object to the hearing officer recommendation and failed to do so. Even if the hearing officer's recommendations are deficient, we find that the error is not such as to require that the judgment of the court be overturned:

> [W]hen an error is detected, it must be weighed to determine whether such error is harmless or prejudicial. *Short v. Gaylord Chemical Corp.*, 1998-0606 (La.App. 1 Cir. 4/1/99), 731 So.2d 493, 496. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. *Evans v. Lungrin*, 97-0541 (La.2/6/98), 708 So.2d 731, 735.

*Becker v. Jefferson Parish Dep't of Parks & Recreation*, 09-662, p. 16 (La.App. 5 Cir. 1/12/10), 30 So.3d 1007, 1016.

In support of her position, Nicole cites *Crawford v. Crawford*, 02-168 (La.App. 3 Cir. 11/13/02), 833 So.2d 361, in which this court remanded to the hearing officer to comply with the statutory requirement that the recommendations include a proposed judgment. However, in that case, the lack of a judgment worked a prejudice on the parties in that they were unable to agree to a proposed judgment. Nicole does not allege any prejudice to her arising out of the alleged failure to comply with the statute, and we find none.

Custody Decree

Next Nicole asserts that the hearing officer erred manifestly in appointing David physical custodian and limiting her to supervised visitation. Louisiana Revised Statutes 46:236.5(C)(3) provides that the hearing officer is to act as a finder of fact.

This court has outlined the review of factual findings in a custody matter as follows:

> It is well settled that an appellate court cannot set aside a trial court's findings of fact in the absence of manifest error or unless those findings are clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

4

> If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse those findings even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.* Each child custody case must be viewed in light of its own particular set of facts and circumstances with the paramount goal of reaching a decision that is in the best interest of the child. *Barberousse v. Barberousse*, 556 So.2d 930 (La.App. 3 Cir.1990). The best interest evaluation is fact-intensive and requires the weighing and balancing of factors favoring or opposing custody of the competing parties on the basis of the evidence presented in each case. *Romanowski v. Romanowski*, 03-124 (La.App. 1 Cir. 2/23/04), 873 So.2d 656. The trial court is vested with broad discretion in deciding child custody cases and its decision will not be disturbed absent a clear abuse of discretion. *Bagents v. Bagents*, 419 So.2d 460 (La.1982); *Stephens v. Stephens*, 02-402 (La.App. 1 Cir. 6/21/02), 822 So.2d 770.

*Griffith v. Latiolais*, 09-0824, pp. 6-7 (La.App. 3 Cir. 3/3/10), 32 So.3d 380, 386, *rev'd on other grounds*, 10-0754 (La. 10/19/10), 48 So.3d 1058.

After reviewing the hearing officer's findings of fact and given Nicole's failed drug test, the evidence that she attempted to deceive the hearing officer with an out of date prescription, and the uncontested allegations of neglectful behavior with regard to the child, we find no abuse of discretion in the hearing officer's finding and recommendation with regard to custody.

Dismissal of Pending Matters

Nicole further asserts that the trial court erred in dismissing the pending hearing on permanent custody set for a hearing officer conference on January 19, 2011, and for hearing on February 3, 2011. Nicole asserts that this violates the provisions of La.Code Civ.P. art. 1672 concerning involuntary dismissal of cases. However, the case herein was not dismissed without a hearing. These hearings were in response to David and Serena's ex parte motion for custody, which were filed in response to a perceived emergency situation: the drug test results and the child having been taken from the state. On September 15, 2010, prior to the filing of the ex parte

5

motions, the hearing officer heard the original custody request filed with David's answer to the petition. The recommendation from that hearing was delayed due to the ordered drug testing. However, once the results of the drug testing were received, the hearing officer rendered a recommendation pursuant to the September 15 hearing. That recommendation became a final judgment by operation of law when neither party objected within three days. *See* La.R.S. 46:236.5(C)(7). The custody matter proceeded to final judgment. This action rendered the hearing on the ex parte motions moot. Therefore, this assignment of error is baseless.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Plaintiff/Appellant, Nicole Lormand.

**AFFIRMED**.