Judgment rendered May 22, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,685-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

GABRIELLE V. PORTER                    Plaintiff-Appellee

versus

DYLAN L. PORTER                        Defendant-Appellant

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2023-2542

Honorable Alvin R. Sharp, Judge

* * * * *

AMY COATH JOHNSON                      Counsel for Appellant


GABRIELLE V. PORTER                    In Proper Person,
                                       Appellee


* * * * *

Before STONE, COX, THOMPSON, JJ.

**THOMPSON, J.**

A wife sought and was granted a temporary order of protection against her husband. At a brief hearing before a hearing officer, the wife sought to have the order of protection dismissed and for her husband to have visitation with their minor child. The hearing officer denied her request and issued a recommendation for a Louisiana Uniform Abuse Prevention Order, as well as a transfer of the husband's firearms and for his visits with their minor child to be supervised. The husband appeals, arguing the wife failed to prove the abuse allegations by a preponderance of the evidence, that alleged acts are not within the scope of the Domestic Abuse Assistance laws, and that he was denied due process. Based on the record before us, we find that husband's assignments of error have merit and reverse the trial court's order granting the abuse prevention order against him.

## FACTS AND PROCEDURAL HISTORY

This appeal arises from a petition for protection from abuse filed by Gabrielle Porter ("Gabrielle") against her husband, the appellant, Dylan L. Porter ("Dylan"). A petition for divorce including child custody considerations for their daughter has since been filed by Dylan and is pending in the Fifth Judicial District Court in Richland Parish. In her petition for protection, Gabrielle alleged that four months earlier, she was "worried about [her] husband's attitude and actions." One evening, "once the child was asleep I ask (sic) him to talk. He immediately got angry and was yelling at me. I tried to speak to him in the vehicle and he buck (sic) at me like he was going to hit me. We was (sic) in the bathroom and I attempted to bring the conversation up again. He stated I was always

'bitching.'" Gabrielle's narrative then provided that one or both parties could not get out of the bathroom (later confirming the door was stuck), and Dylan punched a hole in the door attempting to force it open. The petition alleged that Dylan asked Gabrielle to go outside and told her that he'd have a "gun for me if I ever tried to leave with the baby." The petition provides that law enforcement was not called regarding the incident. The record is devoid of testimony or evidence of any prior incidents between the parties, or of any incidents in the four months between the described incident and the filing for the order of protection.

The same day that Gabrielle filed for protection the district court judge issued a temporary restraining order (TRO) ex parte in her favor, based solely on the contents of Gabrielle's petition. The TRO went into effect and a hearing before a hearing officer was scheduled.

At the hearing, Gabrielle and Dylan both appeared before the hearing officer without counsel. The hearing began abruptly, and it is not evident from the transcript included in the record that Gabrielle was sworn in prior to providing any testimony. At the outset of the hearing Gabrielle requested that the TRO be dismissed, and that she wanted Dylan to be able to see their daughter, who was asking for him. The hearing officer declined to entertain Gabrielle's request, and proceeded to read aloud a portion of Gabrielle's narrative from her petition and asked: "Did you make that up?" Gabrielle responded, "No ma'am, I did not." The hearing officer asked Gabrielle who a suitable visitation supervisor would be to supervise Dylan visiting with their daughter, and Gabrielle provided the name of a relative.

2

After Gabrielle's testimony, Dylan was sworn in on the record and provided a brief narrative of what occurred on the evening in question. Dylan's testimony contradicted Gabrielle's account and denied any threat of violence with a gun. Regarding the fact that he punched the bathroom door, he testified he did so because Gabrielle had followed him into the bathroom and the door was stuck. Gabrielle did not contradict that testimony.

At the conclusion of the brief hearing, the hearing officer found Dylan constituted an immediate and present danger to the physical safety of Gabrielle and their minor child. She issued a recommendation, providing for a Louisiana Uniform Abuse Prevention Order effective through December 29, 2024. The hearing officer's findings of fact and recommendation were completed on a form and did not include her own written recommendation. The findings of fact and recommendation form incorporated Rule 34.2 of the Rules of Louisiana District Courts. The form provided:

APPEALS:

Any party desiring to file an objection to this recommendation MUST notify the Clerk of Court immediately and must REMAIN in the Courtroom No. 1 until served with notice of the trial date. Any finding of fact or recommendation that is not specifically objected to is deemed to have been accepted by the parties.

Notably, the transcript does not show that the hearing officer advised Gabrielle or Dylan, both pro se litigants, that an objection must be filed immediately in the courtroom. The record does not contain any evidence that Dylan actually received a copy of this completed form containing these directions for objecting and appealing. The hearing officer also recommended a temporary order for supervised visitation with the minor child, and an order for the surrender of firearms.

3

The order of protection, order to transfer firearms, and order for supervised visitation were signed by a district court judge on the same date. The record shows that the order of protection filed with the deputy Clerk of Court was not signed by either Gabrielle or Dylan Porter. The record lacks any verification that the hearing officer's findings of fact and recommendation form, and the order of protection, were ever actually served on Dylan at the close of the hearing.

The following week, Dylan filed an objection to the hearing officer's recommendations and requested the matter be set for trial. In response, the trial court judge issued an order denying Dylan's objection as untimely pursuant to the Louisiana District Court Rule 34.2. The trial court judge's order provided that Dylan failed to contemporaneously object to the hearing officer's recommendation within the time and manner established by Rule 34.2.

Dylan filed a motion for appeal to that order, which was signed, and brings the matter before this court.

## DISCUSSION

At the outset, we are extremely cognizant of the dangers associated with domestic abuse, and the sensitive nature of these types of incidents arising among family members. Such allegations must be taken seriously and given immediate and detailed attention to avoid abuse and injury, with an eye toward identifying credible threats from nonviolent family disputes. With the paramount consideration of safety guiding our review of the actions below, we must also objectively review the actual facts. In the present matter there are no incidents of physical abuse or of law enforcement being

4

called to intercede.  Gabrielle filed her petition four months after the incident

occurred and does not indicate any subsequent events, abuse, or threats.  The

record also does not show physical contact was ever made between the

parties during the alleged incident.  Additionally, regarding the damage to

the bathroom door, both parties acknowledged that the door became stuck

and that Dylan was attempting to force it open.  At the initial hearing,

Gabrielle asked to have the petition for protection dismissed, asked for

Dylan to be able to see their child, and has not participated in the appeal of

this matter or filed any pleadings opposing Dylan's appeal.  Lastly, there is a

reported pending divorce and child custody proceeding, and the available

safeguards and remedies associated therewith, should that court determine

protective action is necessary.  Against that backdrop we will address each

of Dylan's assignments of error.

 Dylan asserts three assignments of error related to the granting of the

order of protection based on the recommendation of the hearing officer.

**Assignment of Error No. 1: The trial court erred in granting an order of
protection because Gabrielle failed to prove the abuse allegations by a
preponderance of the evidence.**

 Under the Domestic Abuse Assistance Act, a court may issue a

protection order pursuant to La. R.S. 46:2131, *et seq.*  The intent of the Act

is to provide a civil remedy of immediate and easily accessible protection to

endangered persons from domestic abuse.  *Shipp v. Callahan*, 47,928 (La.

App. 2 Cir. 4/10/13), 113 So. 3d 454.  La. R.S. 46:2135 and 46:2136 require

that there be "good cause shown" for the issuance of a protective order.

"Good cause shown" is defined in La. R.S. 46:2135 as a showing of

"immediate and present danger of abuse."  Domestic abuse includes, but is

not limited to, physical or sexual abuse or any offense against the person as defined in the Louisiana Criminal Code, except negligent injury and defamation, committed by one family member or household member against another. La. R.S. 46:2132(3). The court may grant a protective order to bring about a cessation of abuse of a party. La. R.S. 46:2136(A).

A party seeking a protective order under the Domestic Abuse Assistance Act must establish the necessary facts by a preponderance of the evidence. *Rozelle v. Rozelle*, 54,685 (La. App. 2 Cir. 8/10/22), 345 So. 3d 501. Proof is sufficient to constitute a preponderance of the evidence when the entirety of the evidence, both direct and circumstantial, establishes that the fact or causation sought to be proved is more probable than not. *Bagwell v. Bagwell*, 55,492 (La. App. 2 Cir. 4/10/24), --- So. 3d ---; *Talbot v. Talbot*, 03-0814 (La. 12/12/03), 864 So. 2d 590; *State in Interest of A.H.*, 51,053 (La. App. 2 Cir. 9/28/16), 206 So. 3d 1081, *writ denied*, 16-2017 (La. 1/9/17), 214 So. 3d 867.

An appellate court reviews domestic orders for an abuse of discretion. *Shipp v. Callahan,* 47,928 (La. App. 2 Cir. 4/10/13), 113 So. 3d 454. The trial court sitting as a trier of fact is in the best position to evaluate the demeanor of the witnesses, and its credibility determinations will not be disturbed on appeal absent manifest error. *Modicue v. Prince of Peace Auto Sale, LLC*, 54,095 (La. App. 2 Cir. 9/22/21), 328 So. 3d 1239, *writ denied*, 21-01864 (La. 2/15/22), 332 So.3d 1188. A trial court is granted broad discretion in its rulings on evidentiary issues which will not be disturbed on appeal absent a clear abuse of that discretion. *Bagwell v. Bagwell*, *supra;*

6

*Succession of Moore*, 54,338 (La. App. 2 Cir. 3/30/22), 339 So. 3d 12, *writ denied*, 22-00973 (La. 10/4/22), 347 So. 3d 859.

The minimal evidence contained within the record of this matter does not support the trial court's granting of the protective order against Dylan. The transcript of the hearing shows that at the start of the hearing, Gabrielle requested the hearing officer dismiss the protective order. Such requests may be the result of additional threats of abuse, and deserve inquiry before being automatically granted. Without exploring the issue, the hearing officer declined to entertain her request, failed to swear Gabrielle in, and only asked her to confirm the facts she previously provided in her petition without addressing the particularized allegations. Further, Gabrielle's narrative – which was the only evidence she was able to present at the hearing – included only one written paragraph of an incident occurring four months prior to her filing the petition, which she now wished to dismiss of her own free will without threat or harassment.

Based on the record before us, we cannot say that an immediate and present danger of abuse existed, based only on Gabrielle's narrative from her petition, particularly when considering her request and brief testimony. Dylan's testimony at the hearing contradicted what she had written in her petition. The hearing officer did not elicit additional testimony from Gabrielle, and did not entertain her request to revoke the TRO. Considering the lack of evidence of good cause shown, the hearing officer erred in finding that an immediate and present danger of abuse existed. Accordingly, this assignment of error has merit.

**Assignment of Error No. 2: The trial court erred in issuing an order of protection because the acts alleged to have been committed are not**

**within the scope of the Domestic Abuse Assistance laws (La. R.S. 46:2131, *et seq.*) and posed no real or immediate threat of harm.**

As noted above, domestic abuse includes, but is not limited to, physical or sexual abuse or any offense against the person, committed by one family member or household member against another. La. R.S. 46:2132(3). The court may grant a protective order to bring about a cessation of abuse of a party. La. R.S. 46:2136(A). Family arguments that do not rise to the threshold of physical or sexual abuse of violations of the criminal code are not in the ambit of the Domestic Abuse Assistance Law. *Culp v. Culp*, 42,239 (La. App. 2 Cir. 6/20/07), 960 So. 2d 1279, *writ not cons.*, 07-1836 (La. 10/5/07), 964 So. 2d 378; *Rouyea v. Rouyea*, 00-2613 (La. App. 1 Cir. 3/28/01), 808 So. 2d 558.

In this case, based on the very limited record before us, we find that Gabrielle failed to prove by a preponderance of the evidence any immediate and present danger of abuse. The facts and circumstances surrounding this heated conversation in the bathroom constitute a family argument, which we have found does not rise to the threshold of physical or sexual abuse, and are not in the ambit of the Domestic Abuse Assistance Law. Dylan argues he acted reasonably by trying to remove himself from confinement and deescalate the situation; there is nothing in the record that refutes his assertion. Accordingly, we find this assignment of error also has merit.

**Assignment of Error No. 3: Dylan was denied due process in that he was not properly noticed of his rights to a full hearing and the procedure by which to object in the hearing officer recommendations.**

The hearing officer shall act as a finder of fact and shall make written recommendations to the court concerning any domestic and family matters set forth by local court rule. R.S. 46:236.5(C)(3). In general, the hearing

8

officer is to hear and make recommendations on all protective orders filed in accordance with R.S. 46:2131, *et seq*. La. R.S. 46:236.5(C)(3)(k).

The statute places special emphasis on the hearing officer's *written* recommendations, under La. R.S. 46:236.5(C)(5):

> (5) The written recommendation of the hearing officer shall contain all of the following:
>
> > (a) A statement of the pleadings.
> >
> > (b) A statement as to the findings of fact by the hearing officer.
> >
> > (c) A statement as to the findings of law based on the pleadings and facts, including his opinion thereon.
> >
> > (d) A proposed judgment.

The failure of the hearing officer report to include any one of these items is fatal to the proceedings and requires a remand. *Landry v. Landry*, 53,921 (La. App. 2 Cir. 6/9/21), 323 So. 3d 456, 459; *Crawford v. Crawford*, 02-168 (La. App. 3 Cir. 11/13/02), 833 So. 2d 361.

Additionally, La. R.S. 46:236.5(C)(6)-(7) provides that any party who disagrees with a judgment or ruling of a hearing officer may file a written objection within the time and manner established by court rule. As noted above, the court rule applicable in this case is Rule 34.2 of the Rules of Louisiana District Courts. Rule 34.2 provides that all objections to hearing officer recommendations and judgments of domestic commissioners involving domestic violence protective orders or injunctions shall be made contemporaneously at the close of the hearing. Any party desiring to object shall immediately notify the deputy clerk of court present in the courtroom. The record shows that this local rule was adopted by the district court, and

the requirement to object contemporaneously was included on the hearing officer's form containing her findings of fact and recommendation. However, there is no evidence that the completed form containing the hearing officer's findings of fact and recommendation was provided to the parties at the conclusion of the hearing. Procedural obstacles for *pro se* litigants should be overcome when reasonably possible. Stringent enforcement of such rules, resulting in a loss of rights of litigants, requires the highest standard of proof of compliance before imposing severe consequences on *pro se* litigants.

Further, the record contains no written recommendation of the hearing officer, aside from the minimal completion of the form. The form merely included the checking of a box for the transfer of Dylan's firearms. The portion of the form entitled "Additional Findings of Fact and Recommendation" contains blank lines, which are meant for the hearing officer to provide her written statement, as required by La. R.S. 46:236.5(C)(5). In this case, that portion of the form is left completely blank; the form does not include a written statement at all. The total absence of written recommendations alone requires a reversal of the judgment.

Further, the statute requires that any protective order "shall be served on the person to whom the order applies in open court at the close of the hearing, or in the same manner as a writ of injunction." La. R.S. 46:2136(E). Based on the record before us, it appears Dylan was not properly served with the protective order granted against him. Neither Dylan nor Gabrielle's signatures appear in the space designated on the copy of the protective order that was filed with clerk's office. The record does not

10

show that Dylan was orally advised in open court of the process involved in objecting to the hearing officer's recommendation. The record does not reflect that Dylan was supplied with the only writing that could have made him aware of the procedure required for him to enter his objection contemporaneously at the hearing. This court cannot confirm if Dylan received reasonable notice and opportunity to be heard, as guaranteed by La. R.S. 46:2136(B)(2). Accordingly, we find that this assignment of error has merit, and Dylan was denied his due process rights.

## CONCLUSION

For the reasons set forth above, the abuse prevention order issued against Defendant, Dylan L. Porter, is reversed. Finding the Plaintiff to have acted in good faith in seeking the order of protection and in asking to have it dismissed, we direct the parties to bear their own costs.

**REVERSED.**