PITMAN, J.
hSheena Atkins appeals the ruling of the trial court which denied her motion to dismiss the father’s, Derrick Devereux’s, objection to the hearing officer’s recommendation regarding custody of their child. For the following reasons, we affirm.
FACTS
Derrick Devereux and Sheena Atkins were never married, but had a daughter together in April 2010. The couple lived with their child at Devereux’s mother’s house in Swartz, Louisiana, in Ouachita Parish. In January 2015, Atkins began staying in West Monroe, Louisiana, with her grandmother, who needed medical assistance. In March 2015, Atkins told Dev-ereux that she had a boyfriend who lived near her grandmother.
Because there had never been a judicially determined or court-ordered custody arrangement prior to June 2015, Devereux filed a petition seeking to establish custody and domiciliary status. He alleged that it would be in the child’s best interest that he be named domiciliary parent. Between the period the suit was filed and when it was heard, Atkins married her boyfriend, “Red” Vogt.
On August 18, 2015, Atkins filed an answer and reconventional demand stating she was in a better position to care for the child and to provide her with a structured and stable environment. At the hearing on September 14, 2015, the hearing officer recommended that the parties share joint custody of the minor child, with Atkins being designated as the domiciliary parent and Devereux having visitation every other *1162 weekend and splitting holidays and summer vacation.
laOn September 17, 2015, Devereux filed an “Objection to Hearing Officer Conference Report,” objecting to the recommendation of the hearing officer..The basis of the objection was that the recommendation was allegedly made “taking into consideration the twelve factors set forth in Louisiana Civil Code Article 134,” but those considerations were not''discussed or taken into consideration during the conference. Devereux objected to the findings by the hearing officer and claimed that there was no consideration of the twelve factors, and, further, that, had the hearing officer considered those factors, he (Devereux) would have been considered the more appropriate parent to be granted domiciliary custody of the child. He claimed that this would be proven at the trial and asked that the matter “proceed to hearing as currently scheduled, on all issues” to which he had objected.
On September 24, 2015, the written conference report was filed into the record, and a temporary order adopting and implementing the hearing officer’s recommendations was signed by the trial judge on September 21, 2015. That temporary order contains a paragraph which notes that there is no trial or hearing date currently scheduled and that'it is the responsibility of the objecting party' or parties to file an appropriate pleading requesting' a trial or hekring date no later than 90 days after the filing of the objections or the continuance of the case without date, “or the objections will be deemed abandoned and will be dismissed without prejudice and the report and recommendations of the hearing officer will be adopted as the judgment of the court.”
On December 23, 2015, Devereux filed a motion to set a trial date on the objection he had filed on September 17, 2015, but which was not filed in lathe record until September 24, 2015. The trial court set the matter for trial on the merits for April 12, 2016 which was a date available to both parties’ attorneys. Atkins’s attorney 'did not object to the setting of the court date at that time.
On March 30, 2016, Atkins’s attorney filed an “Ex Parte Motion to Dismiss Objection For Failure to Comply with Local Rule Appendix 35,5” and stated that the hearing date had to be scheduled not later than 90 days after filing of the objection or it would be deemed abandoned and dismissed without- prejudice and the hearing officer’s recommendation would be adopted as the judgment of the court. Atkins claimed that she was entitled to dismissal of Devereux’s objection to the hearing officer’s recommendation because his request for trial was filed later than December 17, 2015, which was over 90 days after the objection was made. The trial court set the motion for hearing on the same date as the trial on the merits-—April 12, 2016.
A trial was held on April 12, 2016, and the motion to dismiss the objection to the hearing officer’s recommendation was the first item to be heard. Both sides presented arguments, and the trial court ruled that the motion, to dismiss would be denied. In so ruling, it stated that, although it found that the motion to set the matter for trial was filed more than 90 days after the objection was filed in the record, there were custody issues which the court needed to review. Further, it stated that the local rules are discretionary and do not provide a “hard and fast” deadline that the court had to follow. For those reasons, the mótion to dismiss was denied.
Thereafter, the merits of the child custody dispute were heard, and the matter was continued until May 24, 2016. On that date, more evidence was | ¿taken, and the trial court gave a ruling in open court, which recited the twelve factors found in La. *1163 C.C, art. 134 and compared the facts of the case to those factors. It awarded joint custody to the parties, designating domiciliary custody of the child to Devereux, with Atkins to-have substantial visitation rights.
On June 10, 2016, Atkins filed a “Request for Written Reasons for Judgment,” which mistakenly stated that the parties “had trial on March 9, 2016 and March 24, 2016” and requested in writing the court’s finding of fact and reasons for judgment.[1] In its June 16, 2016 response to Atkins’s request, the trial court granted her request and handwrote the following on its order:
[t]he court’s oral reasons for judgment are hereby adopted as its written reasons for judgment (see below).
This Court orders that its’ [sic'] previously given oral reasons for judgment that were stated at length in open court on the date of this hearing be and are hereby Adopted as its’ [sic ] written reasons for judgment. As these oral reasons previously given were very detailed, either party may'request and pay the appropriate fee of the court reporter to have the court’s oral ruling transcribed and thereby obtain the court’s written reasons.
On July 27, 2016, the trial court issued a judgment which, once again, recited the incorrect dates of the hearings as March 9 and March 24, 2016, and stated that, according to the oral reasons for judgment, a decree was renderéd awarding joint custody of the child to both Devereux and Atkins and designating Devereux as the primary custodial parent (domiciliary parent), subject to Atkins’s visitation as set forth in the plan of joint custody. UThe judgment states that it was rendered in court the 24th day of March, 2016, and that the judgment was signed on July 28, 2016.
On October 4, 2016, Atkins filed an untimely motion for appeal; and, on January 19, 2017, this court issued an order for her to show cause why her appeal should not be dismissed. Her attorney responded with reasons for the delay, which were accepted by this court; and, on February 23, 2017, this court rescinded the rule to show cause and the clerk of this court was directed to reissue briefing deadlines. This appeal by Atkins, which raises a limited issue pertaining to the trial court’s failure to dismiss for untimeliness the objection to the hearing officer’s recommendation, followed.
DISCUSSION
Atkins argues that the trial court committed manifest error by denying her motion to dismiss the objection to the hearing officer’s recommendation and claims that she was entitled to dismissal based upon Local Rule of Court fotind at Appendix 35.5(G). She also argues that the local rule required Devereux to set the matter for trial within 90 days of the date of the objection. She contends the objection should be deemed abandoned and dismissed without prejudice and the report and recommendations of the hearing officer adopted as the judgment of the court.
Devereux argues that .the trial court correctly denied the motion .to dismiss his objection to the hearing officer’s report since it found there were matters that needed to be heard pertaining to custody and the best interest of the child. He notes that Local Rule 35.5 sets forth the procedure to be followed in cases involving.a hearing officer’s report, but contends that *1164 a dismissal for a slightly late request for a hearing is not mandatory. In fact, he argues, the judge is not bound by the recommendation of the hearing] fi officer and may accept, reject or modify it in whole or in part. He asserts that, if the trial court in its discretion determines that additional information is needed, it may receive evidence at the hearing or remand the proceeding to the hearing officer.
Devereux further argues that the trial court had discretion to consider other matters pertinent to this case that it believed were in the best interest of the child, and the trial court did not abuse its discretion in denying the ex parte motion to dismiss. He contends it clearly believed the need to examine the La. C.C. art. 134 factors considered in custody matters and, therefore, refused to dismiss his objection to the hearing officer’s report.
The Appendix to Local Rule 35.5(G) states as follows:
G. Abandonment of Hearing Officer Conference Objections
1. Upon the filing of any objections, if no trial or hearing date is pending, or the case is thereafter continued without date, it shall be the responsibility of the objecting party or parties to file an appropriate pleading requesting a trial or hearing date with the assigned judge no later than 90 days after filing of the objections or the continuance of the case without date, or the objections will be deemed abandoned and will be dismissed without prejudice (Cf. L.C.C.P. Art. 561) [sic ] and the report and recommendations of the hearing officer will be adopted as the judgment of the court.
Rule 35.7 concerns Trial After Objections Filed and states:
If any party files a timely objection to the recommendations of the hearing officer, then the matter shall be set before the judge for hearing. See Appendix 35.7 for court-specific rules for setting hearing dates. The judge shall not be bound by the recommendation of the hearing officer. Further, the judge may review the hearing officer’s conference report, and shall accept, reject, or modify in whole or in part the findings of the hearing officer and give them such weight as deemed appropriate based on the evidence adduced at the hearing.
|7In Rodgers v. Rodgers, 50,044 (La. App. 2 Cir. 6/10/15), 170 So.3d 382, this court stated that procedural rules exist for the sake of substantive law and to implement substantive rights, not as an end in and of themselves. Citing, La. C.C.P. art. 5051; Unwired Telecom Corp. v. Par. of Calcasieu, 03-0732 (La. 1/19/05), 903 So.2d 392; B.A. Kelly Land Co. v. Questar Expl. & Prod. Co., 47,509 (La. App. 2 Cir. 11/14/12), 106 So.3d 181, writ denied, 13-0331 (La. 4/19/13), 112 So.3d 223. A court may adopt local rules for the conduct of judicial business before it, including those governing matters of practice and procedure which are not contrary to the rules provided by law. La. C.C.P. art. 193.
Local rales of court cannot conflict with legislation. Rodrigue v. Rodrigue, 591 So.2d 1171 (La. 1992); Clark v. Dep’t of Police, 12-1274 (La. App. 4 Cir. 2/20/13), 155 So.3d 531, writ denied, 13-0642 (La. 4/26/13), 112 So.3d 846. Legislation contemplates that the court must consider the best interest of the child in awarding custody; and, in awarding child support, it must consider the needs of the child and the ability of the parents to provide support. La. C.C. arts. 131, 141. Rodgers, supra.
The procedural rule invoked by Atkins is only that, a procedural rule. It exists for the sake of substantive law and to implement substantive rights, not as an end in itself. The local rule, which stated that the objection could be dismissed and the hearing officer’s recommendation ac *1165 cepted by the trial court if the hearing on the objection was not requested within 90 days of the filing of the objection, must be subordinated to the substantive law regarding the custody and the best interest of the child. The procedural rule is not intended to deprive litigants of their day in court, especially in fact-intensive custody cases.
IsFor the foregoing reasons, the judgment of the trial court is affirmed.
CONCLUSION
The judgment of the trial court in favor of Derrick Devereux and against Sheena Atkins, denying the motion to dismiss the objection to the hearing officer’s recommendation, is hereby affirmed. Costs of appeal are assessed to Sheena Atkins.
AFFIRMED.

. As stated earlier, the hearing on the motion to dismiss the objection as untimely and the hearing on the merits of the custody case were held on April 12 and May 24, 2016. There is nothing in the record which indicates that anything happened on the dates mentioned in the request for written reasons for judgment.