CLARENCE E. McMANUS, Judge.

\ STATEMENT OF THE CASE

Richard Reggio, Jr. and Amy Steen Reggio were married February 15, 1992. They had two children during their marriage. Thereafter, the parties separated and filed for divorce. The Reggios entered into a Consent Judgment on September 7, 2004. According to that judgment, Mr. Reggio was to pay child support in the amount of $3,725.00 per month and spousal support in the amount of $3,275.00 per month.
*639 The monthly support amounts in the Consent Judgment were based on Mr. Reggio’s monthly income of $15,000.00 that he attested to in his affidavit of August 26, 2004. At that time he was employed overseas by Likpin, a company in Dubai, UAE. Thereafter, Mr. Reggio moved back to the United States and in May 2005, he was employed in Houston, Texas with Wilibros USA, Inc. earning $125,000.00 per year, or approximately $10,000.00 per month, according to pay stubs and a letter from his employer.
On March 5, 2005, Ms. Reggio filed a Rule for Increase in Child Support and For Final Permanent Periodic Spousal Support alleging Mr. Reggio was earning in excess of $250,000.00 per year, significantly more than when support was originally ordered by the court. Mr. Reggio filed a Rule to Modify/Decrease 1¿Child Support and to terminate Spousal Support on March 30, 2005. Mr. Reggio alleged his child support obligation should be reduced because the tuition expenses for the children were less and his income had not increased. He also alleged that Ms. Reggio had made no reasonable attempts to gain employment.
Both motions were heard by a hearing officer on May 25, 2005. On that date, the hearing officer made a recommendation that Mr. Reggio pay $1,993.00 per month in child support and $2,007.00 per month in interim periodic spousal support. The trial court adopted the hearing officer’s recommendations as an interim order and advised both parties that they had three days to file the appropriate objection if they disagreed with the recommendation.
On May 31, 2005, Ms. Reggio filed a Motion to Reset Hearing On Rule to Decrease Child Support and Interim Periodic Support, objecting to the recommendation made by the hearing officer on May 25, 2005. The parties agreed to submit the matter to the court by brief only. On January 23, 2006, the trial court rendered a judgment setting child support at $3,647.00 per month and spousal support at $4,000.00 per month, both retroactive to March 5, 2005. The trial court also found Ms. Reggio capable of finding a job since the youngest child is in school and the mother must find employment to help support her family.
Mr. Reggio filed a motion for new trial on January 30, 2006. The trial court denied the motion on April 5, 2005. Mr. Reggio then filed a Motion for Appeal.

DISCUSSION

Mr. Reggio has appealed the trial court’s judgment setting child support and spousal support. Mr. Reggio submits that the trial court lacked authority to make any rulings in this matter on January 23, 2006 because Ms. Reggio had failed to file a written objection within three days of the hearing officer’s recommendation and receiving the court’s ruling. Mr. Reggio also argues the trial court erred in | ¿calculating child and spousal support. Mr. Reggio argues the trial court erred by setting support higher than the amount set by the hearing officer, even though his income has decreased. Mr. Reggio argues the trial court deviated from the child support guidelines, but provided no reasons. Finally, he contends the trial court did not explicitly find him to be underemployed, even though it appears the trial court used his previous higher income in calculating support.
For the reasons which follow, we vacate the trial court’s judgment and remand the matter to the trial court for further proceedings.
The standard of appellate review of factual findings in a civil action is a two-part test: (1) the appellate court must find *640 from the record there is a reasonable factual basis for the finding of the fact finder, and (2) the appellate court must further determine the record establishes the finding is not clearly wrong (manifestly erroneous). State, Dept. of Social Services ex rel. Clark v. Ruiz, 04-1064 (La.App. 5 Cir.2005), 898 So.2d 514, 518, citing, Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). A trial court’s child support order will not be reversed except for abuse of discretion. State, Dept. of Social Services ex rel. Clark v. Ruiz, supra, citing Hogan v. Hogan, 549 So.2d 267, 271 (La.1989).
First, we note that Ms. Reggio’s Motion to Reset Hearing objecting to the hearing officer recommendations was timely filed. La. R.S. 13:717 F(4)(a) provides:
If no objection to the hearing officer’s recommendation is filed in writing with the district court judge having jurisdiction over the case, within three days of rendition and notification ... exclusive of weekends and holidays, the order shall become a final judgment of the court and shall be signed by a judge of the 24th Judicial District Court and is appealable as any other final judgment.
The hearing officer issued the recommendation on May 25, 2005 and the trial court adopted it as an interim order. The objection by Ms. Reggio was filed Lon May 31, 2005. May 28, 2005 was a Saturday, May 29, 2005 was a Sunday, and May 30, 2005 was Memorial Day holiday. La. C.C.P. art. 5059 provides that a legal holiday is to be included in the computation of a period of time except when the period is less than seven days. This objection had to be filed within three days, which is less than seven days. Therefore, the legal holiday and weekend days are not counted and May 31, 2005 was the third day. Therefore, the objection was timely filed in accordance with La. R.S. 13:717 F(4)(a).
Next, after a review of the record, we find we are unable to ascertain how the trial court arrived at the amount of child and spousal support set forth in its judgment. We further find there is insufficient proof of Mr. Reggio’s income provided in the record.
In setting or modifying a child support award, the trial court must use the child support guidelines as provided by statute. La. R.S. 9:315(A). The trial court may deviate from these guidelines if their application would not be in the best interest of the child or would be inequitable to the parties. La. R.S. 9:315.1(B)(1). In order to calculate a basic child support obligation, La. R.S. 9:315.2 provides:
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Spouses of the parties shall also provide any relevant information with regard to the source of payment of household expenses upon request of the court or the opposing party, provided such request is filed in a reasonable time prior to the hearing. Failure to timely file the request shall not be grounds for a continuance. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party’s most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
B. If the party is voluntarily unemployed or underemployed, his or her gross income shall be determined as set forth in R.S. 9:315.11.
C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by per *641 centage his orj^her proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
D. The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.19 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding, but in no event shall the amount of child support be less than the amount provided in R.S. 9:315.14.
E. After the basic child support obligation has been established, the total child support obligation shall be determined as hereinafter provided in this Part.
In cases where the record contains inadequate information and documentation upon which to make a child support determination under the guidelines, a remand to the trial court is necessary. Inzinna v. Acosta, 623 So.2d 1357, 1359 (La.App. 5 Cir.1993). If a party fails to provide the verified income statements or if the statement reflects an inaccurate picture of a person’s income, the court may then consider income potential; but if the court does so, it must articulate sufficient reasons for the record so that a reviewing court might understand the court’s reasoning. Ventura v. Rubio, 00-0682 (La.App. 4 Cir. 3/16/01), 785 So.2d 880.
We find the income statements and documentation provided by Mr. Reggio do not sufficiently establish his income. Mr. Reggio had recently sought employment in the United States, as opposed to overseas, and his income had substantially decreased. Ms. Reggio argued that Mr. Reggio was underemployed and capable of continuing to earn the higher salary. The trial court had the ability to consider Mr. Reggio’s income potential and whether or not he was underemployed. However, in its judgment, the trial court did not provide any reasons or a basis for its award of child and spousal support, nor did it implicitly or explicitly find whether or not Mr. Reggio was underemployed. We also note that [7the record contains no information regarding Ms. Reggio’s education or past work experience in order to attribute a particular income to her. Because of the lack of reasons provided with the judgment and lack of evidence in the record, we cannot ascertain how the trial court arrived at the amount of child support set forth in its judgment.
Since the required documentation and evidence is lacking, and the trial court failed to include any reasons for its judgment, we find the trial court’s award is an abuse of discretion. Therefore, we remand this matter to the trial court for further proceedings in order to determine specifically Mr. Reggio’s average monthly income, whether or not Mr. Reggio is underemployed, and what income should be attributed to Ms. Reggio for her lack, of employment.
Accordingly, we vacate the trial court’s judgment and remand the matter to the trial court for further proceedings.

JUDGMENT VACATED; MATTER REMANDED.