MOORE, J.
11 David Rodgers appeals a judgment that denied his motion for new trial, declared his objections to a Hearing Officer Conference Report (“HOCR”) abandoned, adopted the HOCR without a hearing or evidence, ordered him to pay child support of $3,300 a month, and subjected him to contempt for failure to pay. We reverse and remand.

Procedural History

David and Leslie Rodgers got married in 2001; by late 2005, they had four children, three boys and one girl. In April 2009, David filed for an Art. 102 divorce; he sought a 50/50 custody plan and alleged he owed no child support because of the equal parental time. Over a year later, Leslie answered and reconvened for an Art. 102 divorce; she requested á joint custody implementation plan giving her physical custody subject to visitation by Michael at times to be fixed by the court. In June 2010, David answered, seeking a mental evaluation of Leslie.
The district court issued an order for both parties to be examined by Dr. Mark Vigen, of Shreveport, and fixed the hearing officer conference (“HOC”) and rule after the receipt of Dr. Vigen’s report. In July 2011, the court granted Leslie’s petition for Art. 102 divorce; later, the court set the HOC to be heard by Hearing Officer Traylor on June 12, 2012.
Hearing Officer Traylor wrote an intricate HOCR, dated June 18, 2012. Using Dr. Vigen’s report, Traylor found that Leslie had a history of substance abuse, depression and codepfendency; David had narcissistic behavior with obsessive sexual behavior; both parties had extramarital affairs during the marriage; and, since the divorce, David’s current ^girlfriend, Ms. Nguyen, often stayed overnight with him. The HOCR named Leslie the domiciliary parent but split physical custody 50/50, with the parents getting alternating weeks. On the paramount issue of child support, the HOCR found Leslie had quit her $8,500 a month job as a pharmacist and transferred to a rural hospital for $4,833 a month; Traylor imputed to her the former amount as a result .of voluntary underemployment. The HOCR listed David as a “self-employed owner of several businesses” but stated that he did not provide the required financial records. Traylor wrote that at the HOC, David said his income was $30,000 a year, or $2,500 a month, but he told Dr. Vigen he “grosses more than $1,000,000 a year”; given the absence of financial data, David’s “standard of living, his history of expenditures” [1] and remarks to Dr. Vigen, Traylor imputed his income to be $25,000 a month. Applying the guidelines of La. R.S. 9:315.13 B and various adjustments, the HOCR set David’s support obligation at $3,300 a month.
Both sides filed timely objections to the HOCR. On July 13, 2012, the court issued a temporary order adopting the HOCR pending final disposition of issues by the court. The temporary order included this provision (emphasis added):
IT IS FURTHER ORDERED that, should there be no trial or hearing date currently scheduled in this matter, it shall be the responsibility of the object *384 ing party, or parties, to file an appropriate pleading requesting a trial or hearing date no later than ninety (90) days after the filing of the objection or the objections will be deemed abandoned and will be dismissed without prejudice and the report and recommendations of the hearing officer will be adopted as the judgment of the court. Further, where there is a pending trial or hearing ' date, such |sshall not be continued without date except for good cause shown[;] however, if there is now [sic; probably should be not] a trial or hearing date scheduled and such is hereafter continued without date, the objecting party or parties, shall, within ninety (90) days of the date the matter is continued, file an appropriate pleading requesting a trial or a hearing date or the objections will be deemed abandoned and dismissed without prejudice and the report and recommendations of the hearing officer will be adopted as the judgment of the court.
Both sides filed timely motions to set the objections for hearing, and the district court set this hearing for December 3, 2012. However, on November 5, David filed three motions: (1) to amend his petition to seek sole custody, (2) for additional mental health evaluations, this time including Leslie’s new boyfriend, Mr. Southern; and (3) to continue the December 3 trial date pending receipt of the new evaluations. Filings in the record show that the district court granted the motions to amend and to continue.
In early 2013, a successor judge rotated to the Fourth Judicial District Court’s domestic docket.[2] On January 30, the successor judge issued an order setting the rule on David’s motion for additional evaluations for March 1. At the close of the March 1 hearing, the court granted the motion for additional evaluations, ordering the parties, the children and Mr. Southern to be examined by Dr. Vigen within 60 days. Judgment to this effect was rendered April 22, 2013, but it was silent as to any effect the additional evaluations would have on the 90-day limited imposed in the temporary order. However, the court minutes state, “Upon completion [of the evaluations], a hearing is to be scheduled.”
| ¿The minutes show four hearings between August 2013 and March 2014 on Leslie’s unrelated motions for protective orders and to compel, but nothing relating to child support or to the second round of mental health evaluations.
On July 24, 2014, the district court rendered a judgment adopting the HOCR. It cited the temporary order (the 90-day deadline for filing “an appropriate motion”), and noted that the rules and objections had been set for December 3, 2012, and continued on November 8; but more than 90 days had elapsed since then, without either party’s filing a pleading “that the trial of the rules and objections be refixed.” The court therefore deemed all objections abandoned, and rendered final judgment adopting the HOCR.[3]
David filed the instant motion for new trial, urging that he complied with all orders; moreover, the court had never taken any evidence, he was not permitted to testify at the HOC, and there was no reliable evidence to support his imputed monthly income of $25,000. At the hearing on this motion, October 23, 2014, the court referred to “a motion to declare cer *385 tain objections abandoned and for a HOC” to which both sides agreed.[4] David’s original lawyer, Kenneth Beck of Gretna, testified that he attended the HOC, drafted the original objections to the HOCR, and set a trial date for December 3, 2012. However, he felt he complied with the temporary order when he filed his three motions on November 5, 2012, two of which were granted by the original trial judge, and the third later granted by the | ^successor judge. He felt these constituted a continuance for good cause shown. Mr. Beck also described a phone conference in which the original judge advised the case would be “deferred to being reset” after the new judge took over. On cross-examination, Mr. Beck admitted he had to stop representing David because he was suspended in early 2013 for various disciplinary infractions, and he withdrew from representing David because he had to be a witness in the case.[5] He also admitted that Fourth Judicial District Court Family Court Rule 35(H) requires the objecting party to request a trial date within 90 days or else the matter will be deemed abandoned; however, he still felt that he complied by getting the continuance.[6] Leslie’s former counsel did not testify, but current counsel denied that Leslie ever agreed to continue anything.
At the close of the hearing, the district court stated, “I think the court really made a mess of this.” Nevertheless, an “appropriate pleading” means “something to set matters for hearing.” Even without the updated mental health evaluations, the court stated, the parties still could have held the hearings as to child support and supplemented the record later. The court held that Mr. Beck failed to file, within the 90-day period, an “appropriate Impleading requesting that these objections be heard in compliance with the order and local rules.” It denied the motion for new trial.

The Parties’ Positions

David has appealed, raising three assignments of error. First, he urges the court committed manifest error in its judgment denying a new trial when, in fact, David filed an “appropriate pleading” on November 5, 2012, in compliance with the HOCR and with the temporary order. Second, he urges the court committed manifest error in ignoring its prior orders and declarations of March 1, 2013, that the final hearing would be after the report of the mental health professional and the HOC. Third, he urges the court committed manifest error in rendering judgment with no hearing and no evidence, and the judgment is supported by no evidence. Specifically, he contends there was no reliable evidence to support the imputed income of $25,000 a month and child support award of $3,300 a month. He asks this court to vacate the judgment and remand *386 the case to the district court to comply with its March 1, 2013, order, specifically to direct a HOC to consider the new conclusions and findings of Dr. Vigen, and then to hold a trial on the issues of custody and child support.
Leslie responds that David filed no pleading, let alone an “appropriate pleading requesting a hearing date on any matters,” after the December 3 trial was continued without date; hence, the court’s action was reasonable and correct. She disputes David’s claim that the March 1, 2013, order deferred a final hearing until after the evaluations were completed; she contends this order was not an actual judgment of the court, and at any rate 17it said nothing about deferring the hearing. She submits the court gave David 13 months— much longer than the 90-day deadline— and yet he still never submitted any evidence of the second mental health evaluations. Finally, she urges that the burden of proof was on David to provide evidence of his income, and the fact that there, was none was entirely his own fault. She asks this court to affirm.

Discussion

Procedural rules exist for the sake of substantive law and to implement substantive rights, not as an end in and of themselves. La. C.C.P. art. 5051; Unwired Telecom v. Parish of Calcasieu, 2003-0732 (La.1/19/05), 903 So.2d 392; B.A. Kelly Land Co. v. Questar Exploration & Prod. Co., 47,509 (La.App. 2 Cir. 11/14/12), 106 So.3d 181, writ denied, 2013-0331 (La.4/19/13), 112 So.3d 223. A court may adopt local rules for the conduct of judicial business before it, including those governing matters of practice and procedure which are not contrary to the rules provided by law. La. C.C.P. art. 193. Local rules of court cannot conflict with legislation. Rodrigue v. Rodrigue, 591 So.2d 1171 (La.1992); Clark v. Department of Police, 2012-1274 (La.App. 4 Cir. 2/20/13), 155 So.3d 531, writ denied, 2013-0642 (La.4/26/13), 112 So.3d 846. Legislation contemplates that the court must consider the best interest of the child in awarding custody, and the needs of the child and the ability of the parents to provide support in awarding child support. La. C.C. arts. 131, 141.
The application of Rule 35(H) in this case, specifically the 90-day deadline made part of the temporary order dated July 13, 2012, effectively |Rdeprived the parties of their right to a judicial determination of the issues of child custody and support as contemplated by the Civil Code. The denial of judicial determination arises from the fact that within 90 days after filing a motion to set his objections for trial, David filed three related motions, two of which the original judge plainly deemed meritorious by granting the motions to amend and continue, and the third of which the successor judge found meritorious by granting the motion for' additional mental health evaluations. These judicial actions obviously constituted “good cause” to suspend the 90-day deadline that would otherwise apply.
Moreover, although the order of January 30, 2014, is silent on the issue, the court minutes state, “Upon completion [of the additional mental health evaluations], a hearing is to be scheduled.” In fact, moments before denying the motion for new trial, the court agreed with David’s argument that only one hearing was intended, after the evaluations:
Quite frankly, counsel, I agree. That is precisely when I intended to do. That’s what I wanted to do. I wanted to have one hearing, and that was my mindset at the time.
In light of these statements, it was incongruous for the court to conclude that *387 the three motions were not “an appropriate pleading” to move the matter forward or that they did not constitute “good cause” for a continuance. In addition, the lack of a motion to enforce the 90-day deadline strongly supports a conclusion that all parties intended the trial to await the receipt of Dr. Vigen’s reports. Although we recognize the 13-month delay was uncommonly long, the .other facts militate against the district court’s sua sponte enforcement of the 90-day deadline.
IqMost glaringly, this bizarre application of Rule 35(H) has resulted in a judgment of $3,300 monthly child support in a total vacuum of evidence regarding David’s income.[7] The hearing officer’s effort to reconcile David’s unsupported claim of a low income with the hearsay evidence of his high “gross” revenues is commendable, and might well be accurate, but it underscores the need for reliable, admissible evidence (verified incpme statements with copies of most recent federal income tax returns) and judicial oversight. An award of support cannot be based on faulty or missing evidence. Langford v. Langford, 49,080 (La.4/9/14), 138 So.3d 101; Reggio v. Reggio, 06-800 (La.App. 5 Cir. 3/13/07), 956 So.2d 637. If David’s counsel failed to provide this documentation, other remedies were available, such as motions to compel or contempt of court, but in these circumstances the strained application of Rule 35(H) to dismiss his objections is a palpable miscarriage of justice. The judgment will be reversed.
On remand, counsel is strongly cautioned to comply with this aspect of discovery. Without the verified income statement and supporting proof, the district court may impute David’s income, if the court articulates reasons sufficient for the reviewing court to understand the imputation. La. R.S. 9:315.2; Hatfield v. Hatfield, 49,493 (La.App. 2 Cir. 11/19/14), 155 So.3d 70, writ denied, 2014-2680 (La.3/27/15), 162 So.3d 384; Reggio v. Reggio, supra.
| inConclusion
For the reasons expressed, the judgment denying the motion for new trial, holding the objections to the HOCR abandoned, adopting the HOCR without a trial or evidence, fixing child support and subjecting the appellant to contempt for failure to pay, is reversed. The case is remanded to the district court for further proceedings in compliance with this opinion and with the district court’s own order of March 1, 2013. Appellate costs are assessed one-half to each party.
REVERSED AND REMANDED.

. Prior to the divorce, the couple was living in a large, new house in Frenchman’s Bend subdivision, north of Monroe.

. The previous judge was Judge Alvin Sharp; the successor judge, as of January 2013, was Judge Robert C. Johnson.

. The judgment appears to be sua sponte; the record forwarded to this court does not show that either side moved to enforce the 90-day deadline.

. Again, the record forwarded to this court simply does not contain any such motion.

. In re Beck, 2013-0265 (La.3/28/13), 109 So.3d 897.

. "H. Abandonment of Hearing Officer Conference Objections
"1. Upon the filing of any objections, if no trial or hearing date is pending, or the case is thereafter continued without date, it shall be the responsibility of the objecting party or parties to file an appropriate pleading requesting a trial or hearing date with the assigned judge no later than 90 days after filing of the objections or the continuance of the case without date, or the objections will be deemed abandoned and will be dismissed without prejudice (Cf.L.C.C.P. Art. 561) and the report and recommendations of the hearing officer will be adopted as the judgment of the court.
"2. If the trial or hearing is thereafter continued, it must be continued to a date certain, and may not be continued without date except for good cause shown as determined by the assigned judge.’-' (Effective January 1, 2010)

. At oral argument, counsel for Leslie asserted that David’s income tax returns were part of the record, but this court can find no such documentation in the record.