McCALLUM, J.
In this divorce and child custody matter, Lindy Carl Lingo ("Carl") appeals a judgment dismissing his objections to the hearing officer's recommendations ("HOCR") and making the interim order, which adopted those recommendations, a final judgment.
We reverse and remand.
FACTS
January Lingo ("January") and Carl were married on February 7, 1998. The couple had two children, who were born in 1998 and 2004, respectively. On September 28, 2015, January filed for divorce. A hearing officer conference ("HOC") was held on November 9, 2015.
In the HOCR provided to the parties on November 17, 2015, the hearing officer recommended that the parties be granted joint custody, with January named as domiciliary parent in accordance with an attached custody plan. It was also recommended that Carl pay child support of $600 per month retroactive to the date of judicial demand.[1]
By letter dated November 19, 2015, to Hearing Officer Kay Rector, Carl's attorney, John Clay Hamilton, informed Rector that he wanted to render objections on behalf of his client regarding visitation, interim spousal support, and overnight guests of the opposite sex when the children are present, but was unable to make formal objections at the moment because he would be leaving for a CLE in Baton Rouge. Hamilton wrote that he was unable to reach opposing counsel, Scott Lowery, to determine if he would oppose giving Hamilton until after Thanksgiving, when *934 his secretary returned to work, to file his formal objections. He therefore requested that the letter serve as his compliance with the 7-day written objection requirement until he was able to formally submit specific written objections. A copy of his letter was faxed to Rector and opposing counsel on November 19. 2015.
On November 30, 2015, the trial court entered an order making the HOCR the interim order of the court. On December 7, Lowery wrote to Hamilton that he had yet to receive his objections as stated in the November 19 letter. He noted that the trial judge had signed an interim order adopting the HOCR, and added that he would be filing a motion on December 9 to adopt the HOCR.
On December 9, 2015, Hamilton filed written objections to the HOCR with the court regarding the custody and visitation plan, the amount of interim spousal support, and the omission of language prohibiting overnight guests of the opposite sex when the children are present.
A pretrial status conference was held on April 18, 2016, and the parties agreed to a couple of stipulations that modified the existing interim order. One modification addressed one of the objections to the HOCR, namely the lack of a provision concerning overnight guests. A trial date of June 27, 2016, was set. On May 19, 2016, Hamilton withdrew as counsel of record and a new attorney, David Thomas, enrolled. On June 14, 2016, Carl filed a motion to continue. By agreement of the parties, the trial was reset for August 22, 2016.
On October 12, 2016, Carl filed a rule to show cause why a La. C.C. art. 102 divorce should not be granted, and a hearing was set for December 12, 2016. A judgment of divorce was rendered on that date. The court ordered that all orders existing in the matter remain in full force and effect until further orders from the court.
On January 2, 2017, the trial judge retired, and on the following day, a successor judge began presiding over this matter. In March, Carl filed a motion to reset the hearing on the objections. At a telephone conference, the successor judge noted that under Appendix 32.0B(I) to the Rules for Louisiana District Courts, the parties had seven days to file a written objection to the HOCR with the clerk's office. He further noted that Carl did not file his objection into the record until 20 days after the HOCR was rendered and delivered to the parties on November 17, 2015.
On April 25, 2017, January filed a motion to strike and an exception of no right of action. She asserted that while a hearing on Carl's objections to the HOCR was requested, it was never set; therefore, Carl had no right to a hearing on his objections and the objections should be stricken from the record. She further argued that because Carl did not timely file written objections to the HOCR, he lacked a right of action to pursue a trial on any of his late-filed objections.
In opposition to the motion and the exception, Carl argued that when Hamilton informed opposing counsel and the hearing officer by letter that he was objecting to the HOCR and would file formal objections after the deadline, that letter served as a written objection within the meaning of the local rule, or at least was an extension or suspension of the deadline. Carl supported his opposition with the affidavit of Hamilton, who testified that initially he was unable to reach anyone at Lowery's office in order to confirm there would be no opposition to his waiting until the following week to make formal objections to the HOCR. However, he was eventually able to speak with Lowery, who agreed to give Hamilton until December 9 to file formal objections *935 to the HOCR. Hamilton also stated that his objections were faxed to opposing counsel on December 7, 2015, and filed into the record on December 9, 2015. Hamilton believed that his written objections were timely filed in light of the extension of time granted by opposing counsel. Hamilton stated that all parties thereafter acted in accordance with the belief that the objections were timely filed.
The trial court concluded that it was clear from the record that no written objection to the HOCR was filed with the clerk of court within the time and in the manner established by the court rule. Accordingly, the court granted the motion to strike and the exception of no right of action.
DISCUSSION
The function of an exception of no right of action is to determine whether a plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. La. C.C.P. art. 927 ; Turner v. Busby , 2003-3444 (La. 9/9/04), 883 So.2d 412. The exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation. Id.
The exception of no right of action presents a question of law; therefore, a court conducts a de novo review of the trial court's action on this exception. Waggoner v. America First Ins. , 42,863 (La. App. 2 Cir. 1/16/08), 975 So.2d 110.
La. R.S. 46:236.5, which authorizes courts to use hearing officers in domestic and family related cases, states, in part:
(C) An expedited process for the establishment of paternity and the establishment and enforcement of support and other related family and domestic matters in district courts using hearing officers may be implemented as follows:
(1) The judge or judges of the appropriate court or courts for the establishment of paternity or the establishment and enforcement of support and other domestic and family matters may appoint one or more hearing officers to hear paternity, support, and other domestic and family related matters.
.....
(3) The hearing officer shall act as a finder of fact and shall make written recommendations to the court concerning any domestic and family matters as set forth by local court rule, including but not limited to the following matters:
(a) Hear and make recommendations on establishment and modification of child and spousal support, child custody and visitation.
.....
(6) A copy of any written recommendations, orders, or uncontested judgments rendered by the hearing officer shall be provided to the parties and their counsel at the time of the hearing officer's ruling, if present. Any party who disagrees with a judgment or ruling of a hearing officer on a matter set forth in Paragraph (3) may file a written objection to the findings of fact or law of the hearing officer within the time and manner established by court rule. The objection shall be heard by the judge of the district court to whom the case is assigned. Upon filing of the objection, the court shall schedule a contradictory hearing where the judge shall accept, reject, or modify in whole or in part the findings of the hearing officer. If the judge in his discretion determines that additional information is needed, he may receive evidence at the hearing or remand *936 the proceeding to the hearing officer.
(7) If no written objection is filed with the clerk of court within the time and manner established, the order shall become a final judgment of the court and shall be signed by a judge and appealable as a final judgment. The judgment after signature by a district judge shall be served upon the parties in accordance with law.
Pursuant to Appendix 32.0B (Court-Specific Rules on Hearing Officers and Domestic Commissioners) of the Title IV of the Rules for Louisiana District Courts, the Fifth Judicial District Court adopted the following rule, which reads in part:[2]
I. Hearing Officer Conferences.
At the Hearing Officer Conference, the parties and their attorneys shall make a good faith effort to discuss and attempt a settlement of the case, narrow the issues, and enter into joint stipulations regarding uncontested matters. If the parties cannot agree on a settlement, then the Hearing Officer will issue a recommendation to the Court. The Hearing Officer Recommendation will include a summary of the disputed and undisputed facts and specific recommendations for disposition of the claims raised by each party. A copy of the Hearing Officer Recommendation will be provided to the parties, who will then have seven (7) days, inclusive of holidays and weekends, to file written objections with the Court. A party's objection shall be directed to specific recommendations and shall provide legal and/or factual basis for the objection. A party filing an objection shall be obligated to provide the Hearing Officer and all parties with a copy of the objection. If all or part of the Hearing Officer's recommendations are not objected to in writing, then those which are not objected to may be adopted by the Court . The District Judge to whom the case is assigned will decide the issues to which objections are directed at trial.
Emphasis added.
In Rodgers v. Rodgers , 50,044 (La. App. 2 Cir. 6/10/15), 170 So.3d 382, this court considered the struggle between the Civil Code articles pertaining to child custody and support and the stringent application of local court rules. This court stated:
Procedural rules exist for the sake of substantive law and to implement substantive rights, not as an end in and of themselves. La. C.C.P. art. 5051 ; Unwired Telecom v. Parish of Calcasieu , 2003-0732 (La. 1/19/05), 903 So.2d 392 ; B.A. Kelly Land Co. v. Questar Exploration & Prod. Co. , 47,509 (La. App. 2 Cir. 11/14/12), 106 So.3d 181, writ denied , 2013-0331 (La. 4/19/13), 112 So.3d 223. A court may adopt local rules for the conduct of judicial business before it, including those governing matters of practice and procedure which are not contrary to the rules provided by law. La. C.C.P. art. 193. Local rules of court cannot conflict with legislation. Rodrigue v. Rodrigue , 591 So.2d 1171 (La. 1992) ; Clark v. Department of Police , 2012-1274 (La. App. 4 Cir. 2/20/13), 155 So.3d 531, writ denied , *937 2013-0642 (La. 4/26/13), 112 So.3d 846. Legislation contemplates that the court must consider the best interest of the child in awarding custody, and the needs of the child and the ability of the parents to provide support in awarding child support. La. C.C. arts. 131, 141.
Id. at p. 7, 170 So.3d at 386.
The father in Rodgers appealed a judgment that declared his objections to a HOCR to be abandoned. The HOC was held on June 12, 2012, with the report dated June 18. Both parents timely filed objections to the report. On July 13, 2012, the trial court issued a temporary order adopting the HOCR pending final disposition of the issues. In accordance with Local Court Rule 35(H), the order also stated that the objecting parties were responsible for filing an appropriate pleading requesting a hearing or trial date no later than 90 days after filing the objection, or the objection would be considered abandoned. The order further stated that a pending trial or hearing date would not be continued without date except for good cause shown. If such trial or hearing were continued without date, the objecting party had 90 days to file an appropriate pleading requesting a trial or hearing date or the objections would be deemed abandoned.
Timely motions were filed by both parties in Rodgers to set the objections for hearing on December 3, 2012. On November 5, the father filed a motion to amend his petition, for additional mental health evaluations, and to continue the hearing. The motions to continue and to amend were granted. On January 30, a successor judge set the rule on the motion for additional evaluations for March 1. At the March 1 hearing, the court ordered the additional evaluations to take place within 60 days. Although a judgment to that effect was rendered on April 22 without addressing any effect the evaluations would have on the 90-day period regarding the objections, the court minutes stated that a hearing was to be scheduled when the evaluations were completed. On July 24, 2014, the court adopted the HOCR and deemed all objections abandoned because more than 90 days had passed since the November 2013 continuance. While the father acknowledged that the local court rule required him to request a trial date within 90 days or else the matter would be abandoned, he argued that he complied with this mandate when he obtained the continuance.
This court reversed the lower court, concluding that the application of the local rule deprived the parties of their right to a judicial determination of the issues of child custody and support. This court noted that within 90 days of filing his motion to set the objections for trial, the father filed three motions, including a motion to continue, that were considered meritorious. This court considered those judicial actions to be obvious good cause to suspend the 90-day period. Finally, this court noted that the court minutes stated that a hearing was to be held upon completion of the mental health evaluations. The fact that no motion was filed to enforce the 90-day deadline strongly supported a conclusion that all parties intended to hold the trial following the receipt of the mental health evaluation reports.
This court considered a similar issue more recently, in Devereux v. Atkins , 51,473 (La. App. 2 Cir. 6/21/17), 224 So.3d 1160. In Devereux , the father filed objections to the HOCR three days after the HOC held on September 14, 2015, on the grounds that the hearing officer had not considered the 12 factors set forth in La. C.C. art. 134. On September 21, the court signed a temporary order adopting the HOCR. In accordance with Local Court Rule 35(G), that order stated that no trial *938 or hearing date was currently scheduled, and it was the obligation of the objecting party to file an appropriate pleading requesting a trial or hearing date no later than 90 days after the filing of the objections or continuance of the case without date. Otherwise, the objections would be deemed abandoned and the HOCR adopted as the judgment of the court. The written HOCR was filed into the record on September 24, 2015. On December 23, 2015, the father filed a motion to set a trial date on his objections. The court set the trial for April 12, 2016, a date available to both parties. On March 30, 2016, the mother filed a motion to dismiss the objection for failing to comply with the local rule because the father requested a trial more than 90 days after the objection was made. The court denied the motion. While the trial court acknowledged that the motion requesting the trial was outside the 90-day window, the court also recognized that the local rules were discretionary, and there were custody issues that it needed to review.
This court affirmed the lower court judgment which denied the mother's motion to dismiss. Noting that the local court rule relied upon by the mother was only a procedural rule which existed for the sake of substantive law and to implement substantive rights, and not as an end in itself, this court concluded that rule must be subordinated to the substantive law regarding custody and the best interest of the child. The rule was not intended to deprive litigants of their day in court, especially in fact-intensive custody cases.
Rodgers and Devereux can be distinguished because the objecting parties in both cases had timely made their objections to the HOCR. However, the rationale behind both cases remains applicable. A local court rule cannot deprive a litigant of his right to access to the court, especially when the best interest of a child is at issue.
Although Carl did not timely file written objections in the formal manner contemplated by the court rule, the hearing officer and opposing counsel were made aware of his objections to the HOCR within the 7-day period. The hearing officer had discretion to grant an extension pursuant to La. R.S. 46:236.5(C)(4)(j), which permits a hearing officer to sign and issue all rules nisi , orders to appear and show cause, and other orders necessary to the performance of the duties of the office. January's attorney apparently did not object to Carl being given additional time in which to file written objections. In fact, January's attorney referred to this arrangement in his December 7, 2015, communication. The original trial judge was also apparently agreeable to the arrangement, as a trial date was set twice. Finally, it should be noted that January never took any court action to oppose the late filing of the objections until over a year later, when the successor judge first raised concern about it during a telephone conference. In sum, the parties, hearing officer, and original judge operated as if there had been a tacit waiver of the local court provision requiring Carl to file written objections with the court within seven days.
Based on the foregoing, we conclude that the trial court erred in granting the exception of no right of action and motion to strike.
DECREE
At January Lingo's costs, the judgment is REVERSED and the matter REMANDED for further proceedings.

The hearing officer also made recommendations regarding the use of community assets and interim spousal support. No recommendations were made about other incidental matters.

At the time the HOCR was rendered, the rule read, in part: "At the Hearing Office Conference, the Hearing Officer will make findings of disputed and undisputed facts and recommendations regarding the issues that are before the Court. The parties will then have seven (7) days, inclusive of weekends and holidays, to file a written objection with the office of the Clerk of Court for the parish in which the case is pending." The rule was amended in 2017 with an effective date that was prior to the hearing on the motion to strike and exception of no right of action that was held on August 21, 2017.