Judgment rendered June 9, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,921-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

\* \* \* \* \*

DRAKE LANDRY                                              Plaintiff-Appellee

versus

TABITHA LANDRY                                           Defendant-Appellant

\* \* \* \* \*

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 47,004

Honorable Will R. Barham, Judge

\* \* \* \* \*

PAUL A. LEMKE, III                                       Counsel for Appellant

E. MICAH HOGGATT                                         Counsel for Appellee

\* \* \* \* \*

Before GARRETT, COX, and BODDIE (*Pro Tempore*), JJ.

COX, J., concurs in the results with written reasons.

**BODDIE, J. (*Pro Tempore*)**

Tabitha Landry appeals a protective order, issued under the Protection from Family Violence Act, La. R.S. 46:2136, that directed her to keep 100 yards away from her husband and two minor sons, and otherwise not to abuse or harass them. For the reasons expressed, we reverse and remand.

## PROCEDURAL HISTORY

Drake Landry filed a standard-form petition for protection from abuse on June 25, 2020, on behalf of himself and the couple's sons, ages 6 and almost 4. He alleged that on June 20, Tabitha threatened that she and her boyfriend would kill him (Drake) and take the kids away; she had been doing meth, alcohol, and pills; she was "having men in my house in front of the kids"; and she said she would put a "fake charge" on him to get him in prison. In the space provided for service of process, he wrote that Tabitha was currently in Covington Behavioral Health for "calling cops and saying somebody cut up my kids and put them in trash can." In support of his petition, he attached two Franklin Parish Sheriff's Office incident reports.[1]

The district court signed a standard-form temporary restraining order the same day, June 25, with an order setting the matter for a hearing on July 10, "Via Zoom," but with no instructions on how to connect. Personal service of this order was effected July 1.

---

[1] The first, dated June 17, was a domestic violence call to the couple's house, in which Drake told deputies that Tabitha had upended the furniture and sold the kids' bunk beds, but she was not present when deputies arrived; an hour later, she returned and said she intended to move out. The second, from June 21, said Tabitha had called several times to report a prowler, but all reports were unfounded; deputies found her standing outside a gas storage facility talking erratically to herself, telling them that someone had killed her kids and stuffed them in a trash can; deputies sent her to the hospital for observation.

Apparently, no hearing occurred on July 10. However, an "Extract of Minutes" contains an entry for July 17 before Hearing Officer Dhu Thompson. This recites that on that date, Drake appeared with his attorney, and that Tabitha's attorney participated by phone, but that Tabitha herself was not involved. Further, after "due hearing," the hearing officer granted the protective order, awarded Drake temporary custody with no visitation by Tabitha, and ordered her to seek professional counseling. Finally, the extract recited that Tabitha's lawyer raised several objections and asked for a continuance, but these were all denied.

The district court signed a standard-form order of protection on July 23, 2020, with the notation "Recommended by Hearing Officer." This directed Tabitha not to abuse, harass, stalk, or follow Drake or the kids, and to keep 100 yards from them, the kids' school, and his place of employment; it denied her any visitation "at this time." The sheriff's return states that deputies were "unable to locate" Tabitha, so the protective order was not served on her.

On September 4, 2020, Tabitha filed a motion for devolutive appeal, with counsel noting that the protective order had never been formally served.

After this court received the record from the Fifth JDC, we noticed that there was no transcript of the July 17 hearing that resulted in the protective order; we ordered the clerk of the district court to supplement the record with a transcript or a narrative of facts. On January 21, 2021, the clerk responded that it was not possible to supplement the record, as "no

such transcript exists.  It is not the custom of the Fifth Judicial District to record testimony in hearings concerning the issuance of a protective order."[2]

## TABITHA'S APPEAL

In brief, Tabitha relates various irregularities in the handling of her case, such as setting a Zoom hearing with no information on how to connect, changing the date of the hearing from July 10 to July 17 without notice, making no service of the July 17 protective order, and taking no transcript of the July 17 hearing.  However, she designates only five assignments:

*Assignment 1.* The hearing officer and judge failed to preserve the record by having the proceedings recorded and the record preserved as mandated by U.R.D.C. 4.0.

*Assignment 2.* Tabitha was improperly denied a continuance of the protective order hearing on July 17, 2020.

*Assignment 3.* Tabitha's rights to due process were violated by granting the protective order.

*Assignment 4.* There was insufficient factual basis to grant the protective order.

*Assignment 5.* The hearing officer and judge failed to comply with La. R.S. 46:236.5, which requires written recommendations of the hearing officer prior to the grant of an order based on them.

Drake's brief was due April 1, 2021, but none has been filed.

## APPLICABLE LAW

Procedural rules exist for the sake of substantive law and to implement substantive rights, not as an end in themselves.  La. C.C.P. art. 5051; *Unwired Telecom v. Parish of Calcasieu*, 03-0732 (La. 1/19/05);

---

[2] Later, the clerk of the Fifth JDC supplemented the record with the transcript of a Zoom hearing held before Hearing Officer Thompson on October 4, 2020, over a month after the district court granted this appeal.  It addressed custody and community property issues ancillary to Drake's separate petition for Art. 103 divorce, and is obviously not part of the instant record.

*Rodgers v. Rodgers*, 50,044 (La. App. 2 Cir. 6/10/15), 170 So. 3d 382.  A court may adopt local rules for the conduct of judicial business before it, including those governing matters of practice and procedure which are not contrary to the rules provided by law.  La. C.C.P. art. 193.  Local rules of court cannot conflict with legislation.  *Rodrigue v. Rodrigue*, 591 So. 2d 1171 (La. 1992); *Rodgers v. Rodgers*, *supra*.

Legislation prescribes that in an ex parte proceeding, the court may enter a temporary restraining order, without bond, "as it deems necessary to protect from abuse the petitioner, [or] any minor children[.]"  La. R.S. 46:2135 A.  The court may also issue a protective order, after "[r]easonable notice and opportunity to be heard is given to the person against whom the order is sought[.]"  La. R.S. 46:2136 B(2).

Legislation also prescribes an expedited process for resolving certain domestic matters through the use of hearing officers.  La. R.S. 46:236.5 C.  The Fifth JDC has adopted the system of hearing officers and authorized them to hear protective orders.  Fifth JDC Local R. 32.0 A, B.

The hearing officer shall act as a finder of fact and shall make written recommendations to the court concerning any domestic and family matters set forth by local court rule.  R.S. 46:236.5 C(3).  In general, the hearing officer is to hear and make recommendations on all protective orders filed in accordance with R.S. 46:2131 et seq.  R.S. 46:236.5 C(3)(k).

The statute places special emphasis on the hearing officer's *written* recommendations, under R.S. 46:236.5 C(5):

> (5) The written recommendation of the hearing officer shall contain all of the following:
>
> (a) A statement of the pleadings.

(b) A statement as to the findings of fact by the hearing officer.

(c) A statement as to the findings of law based on the pleadings and facts, including his opinion thereon.

(d) A proposed judgment.

The failure of the hearing officer report to include any one of these items is fatal to the proceedings and requires a remand. *Crawford v. Crawford*, 2002-168 (La. App. 3 Cir. 11/13/02), 833 So. 2d 361.

No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review "based upon a complete record of all evidence upon which the judgment is based." La. Const. art. 1, § 19; *Progressive Sec. Ins. Co. v. Foster*, 97-2985 (La. 4/23/98), 711 So. 2d 675. While most often arising in the context of criminal proceedings, this protection is equally applicable to civil proceedings. *Tingle v. American Home Assur. Co.*, 2010-71 (La. App. 3 Cir. 6/2/10), 40 So. 3d 1169, *writs denied*, 10-1580, -1578, -1564, -1563, -1562 (La. 10/29/10), 48 So. 3d 1095, 1096. The appellate court must at all times be "keenly aware" of and "zealously protective of the rights of judicial review" granted by the constitution. *Id.*, citing *Something Irish Co. v. Rack*, 333 So. 2d 773 (La. App. 1 Cir. 1976).

The statute states that the hearing officer may make a record of the hearings authorized by this section. La. R.S. 46:236.5 C(4)(i). Under the Uniform Rules of District Courts, the court "shall provide a method for making a verbatim recording of all proceedings conducted in open court." URDC 4.0.

**DISCUSSION**

This record contains *no written recommendations* of the hearing officer, even though the extract of minutes states that a hearing was held and the protective order recites the judgment was "recommended by hearing officer." The total absence of written recommendations is obviously much more serious than the small deficiencies that were fatal to the judgment in *Crawford v. Crawford*, *supra*. As a result, this court cannot tell if Tabitha received "reasonable notice and opportunity to be heard," as is guaranteed by R.S. 46:2136 B(2). The judgment must be reversed and the case remanded.

The statute also requires that any protective order under the Protection from Family Violence Act "shall be served on the person to whom the order applies in open court at the close of the hearing, or in the same manner as a writ of injunction." La. R.S. 46:2136 E. However, the sheriff's return states that deputies were "unable to locate" Tabitha, and the motion for appeal alleges that the protective order was never served. The denial of notice also requires reversal. *Branstetter v. Purohit*, 06-1435 (La. App. 4 Cir. 5/2/07), 958 So. 2d 740.

We further note that pursuant to "custom" of the district court (though not stated in the local rules), no transcript was made of the hearing officer hearing. While a transcript is not mandated, only advisory under R.S. 46:236.5 C(4)(i), the absence of one is troubling when combined with the absence of the mandated written recommendations and the use of a truncated extract of minutes. The cumulative effect of these facts is that we have absolutely nothing to review; we cannot tell if Tabitha's statutory and due process rights were observed. *Rodgers v. Rodgers*, *supra*. Ever mindful of

6

the rights of judicial review granted by the constitution, we find that the protective order must be reversed and the case remanded for new proceedings.

The reversal and remand moot Tabitha's other assignments of error. We are sensitive to the challenges that have arisen since the COVID-19 lockdown and mitigation measures, and we commend the court and hearing officer for trying to accommodate the litigants. We would observe, however, that COVID-19 restrictions cannot supersede due process protections. *In re DLD*, 53,758 (La. App. 2 Cir. 1/13/21), 310 So. 3d 314. On remand, the court, the hearing officer, and the parties are urged to renew their commitment to due process and the requirements of Title 46, especially now that COVID-19 restrictions are being eased.

## DECREE

For the reasons expressed, the protective order is reversed and the case remanded for further proceedings within the time limitation provided by law. Costs are not assessed. La. C.C.P. art. 2164.

**REVERSED AND REMANDED**.

**COX, J.,** concurs in the *results* with written reasons.

COVID-19 has shaped our world and country in many ways. In this situation, the court was faced with a terribly dangerous situation where a mother appears to be a danger to herself and her children. The mother's attorney, from the reading of the record, was at the second hearing even though the mother could not be found. Faced with horrible facts, the court entered this order to protect the children and father. As such, I believe the court was looking at the best interest of the children in this situation. Although I believe that the court was attempting to do the best they could under these horrible circumstances, the law requires certain procedures to be followed. Due to the requirements imposed on the court, as stated in the majority opinion, I must concur in the results and holding.

1