STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0555

LORI LYNN HARRIS EARLE

VERSUS

SHANE ELDEN EARLE

Judgment Rendered: **MAY 2 3 2024**

* * * * *

On Appeal from the
21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Trial Court No. 162743

Honorable Jeffery T. Oglesbee, Judge Presiding

* * * * *

C. Glenn Westmoreland
Kimberly L. Resetar
Sherman Q. Mack
Albany, LA

Attorneys for Plaintiff-Appellee,
Lori Lynn Harris Earle


Erik L. Burns
Denham Springs, LA

Attorney for Defendant-Appellant,
Shane Elden Earle


* * * * *

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

**HESTER, J.**

In this appeal, Shane Elden Earle challenges the trial court's judgment awarding child support and spousal support arrearages to Lori Lynn Harris Earle based on a stipulated judgment and ordering Shane to pay Lori child support. After review of the record, we vacate the judgment of the trial court and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Lori and Shane were married on January 11, 1995. During their marriage, they had two sons, Jackson Earle, born on March 6, 2004, and Matthew Earle, born on June 1, 2006. The parties physically separated around January 18, 2019, and on March 29, 2019, Lori filed a "Petition for Divorce Pursuant to Louisiana Civil Code Article 103(2), Determination of Incidental Matters and for Judgment of Separation of Property." In her petition, Lori requested child support and interim and final spousal support as well as other matters incidental to the divorce. Her petition was set for a hearing on May 15, 2019. On that day, the parties entered into a handwritten stipulation on a "Stipulation and Judgment" form[1] that addressed several of the

---

[1] The entirety of the handwritten stipulation is as follows:

> - Pursuant to the provisions of LSA-R.S. 9:2801 et seq. a judgment is rendered terminating the community of acquets and gains previously existing between the parties retroactive to March 29, 2019[.]
>
> - The parties shall share custody of the minor children Jackson Earle and Matthew Earle on a week to week physical custody schedule[.]
>
> - Shane Earle shall operate SE Earle Management, LLC and Senior Financial Advisors LLC as a prudent administrator, subject to an accounting at partition[.]
>
> - Mutual temporary restraining orders shall issue prohibiting both parties from alienating, disposing or encumbering any community assets[.]
>
> - Lori Earle shall receive exclusive use of 32290 Bradley Street, Walker, LA and Shane Earle shall be awarded exclusive use of 7432 Calhoun, Denham Springs, LA with both parties reserving fair market rental value of the same and any claims on the same[.]
>
> - Lori Earle is awarded the exclusive use of the 2013 Ford Expedition and Shane Earle is awarded exclusive use of the 2017 Dodge Ram and are each responsible

2

incidental matters and provided, "Shane shall pay to Lori $1883.75 per month for the time being subject to same being allocated at a later date" and "All issues previously pled remain outstanding at this time."

On November 26, 2019, Lori filed a "Motion to Reset All Pending Matters" seeking to address issues that were not addressed in the May 15 stipulation, and a "Petition for Judicial Partition of Community Property" requesting partition of the parties' community property. On February 19, 2020, Shane answered Lori's petition for divorce and filed a reconventional demand stating that the parties have lived separate and apart for 365 days and seeking a judgment of divorce under La. Civ. Code arts. 103(1) and 103.1(2). Pursuant to Shane's filing of a motion for preliminary default, the parties were divorced by a judgment signed on May 19, 2020. There is also a "Scheduling Order" in the record stating that "[t]his matter was previously scheduled for **TRIAL** on **Friday, April 24, 2020**" and ordering that the trial be held on August 24, 2020. The scheduling order does not indicate what matters were set for trial, and the record does not contain any indication as to why the trial did not occur.

On April 28, 2022, Shane filed a "Motion and Order to Set Trial" stating that issues of child support, a request for spousal support, and a petition for judicial partition of community property remained and asking the court to set a trial date to resolve those issues. The matter came before the court for a trial on August 23, 2022.

---

for any notes, insurance, repairs and upkeep on the same without right of reimbursement.

- Shane shall pay to Lori $1883.75 per month for the time being, subject to same being allocated at a later date.

- Lori shall continue to receive the rental payments from the rental properties subject to being allocated hereinafter.

- All issues previously pled remain outstanding at this time.

- Neither party shall stay overnight in the same room [with] a girlfriend or boyfriend while the minor child is present until midnight [December] 31, 2019.

At the beginning of the trial, the parties agreed to limit the issues to interim and permanent spousal support and child support. After the trial, the court left the record open for the parties to submit post-trial memoranda.

On February 27, 2023, the trial court signed a judgment ordering that Shane owed $1,883.75 per month to Lori from May 15, 2019, until August 23, 2022, with said amount encompassing both his child support and spousal support obligations; casting Shane with arrears in the sum of $56,512.50 for the thirty months he failed to pay his obligation; ordering that a specific allocation for child support or interim spousal support was not required; denying Lori's request for final spousal support; determining Lori's income to be $7,105.83 per month and Shane's to be $7,000.00 per month; and ordering Shane to pay, beginning on September 1, 2022, $62.00 a month to Lori for the support and maintenance of Matthew pursuant to Worksheet B.[2] It is from this judgment that Shane appeals contending that the trial court committed legal error in concluding that there was an agreement between the parties for Shane to pay Lori $1,883.75 as child support and spousal support from the date of filing to the date of trial; the trial court committed legal error in establishing the income of Shane and Lori; and the trial court either committed legal error or abused its discretion in its award of any amount to Lori, which would be considered interim or final spousal support.

## LAW AND ANALYSIS

In his first assignment of error, Shane argues that the trial court legally erred in determining that the $1,883.75 paid each month by Shane to Lori constituted a contractual agreement for child support and spousal support until modified by the court. As noted, the stipulated judgment provided, "Shane shall pay to Lori $1883.75 per month for the time being subject to same being allocated at a later

_____

[2] At the time of the hearing, Jackson had reached the age of majority.

4

date." In his final assignment of error, Shane contends that the trial court either committed legal error or abused its discretion in its award of any amount to Lori, which would be considered interim or final spousal support. We will address these assignments of error together.

Each party testified regarding their understanding of the stipulation and how they determined the amount of $1,883.75. Lori was asked if it was her understanding that the money was child support or spousal support. She testified her understanding was that "it was half of the money that it took …to pay our bills, the bills that we had accrued during our marriage." Specifically, Lori pointed to bills for credit cards, life insurance, health insurance, car insurance, and the house payment. When asked if Shane was to get credit for that as child support, she answered, "No."

When Lori was asked what the $1,883.75 monthly amount was to be allocated to, she answered, "I assumed that was just going to be to help reimburse me for the joint marital expenses that we [incurred] during our marriage." Lori acknowledged that on the day the stipulation was written, the parties did not have their paystubs, W-2 forms, or income and expense affidavits. Lori testified that Shane stopped making payments in January of 2020. When asked if she had received any money from him since January of 2020, she responded that Shane reimbursed her for some of the expenses for the children, but she had received no payment for the credit cards or the children's health insurance. Lori stated she would give Shane credit for any payments made toward the children's expenses. Lori testified that Jackson, who lived solely with Lori until he left in August for college, turned eighteen in March and graduated from high school in May of 2022. Lori testified that Matthew, who shares time equally between both parents, was sixteen at the time of trial.

Shane testified that his understanding regarding the stipulation was that $900.00 was for one-half of the house note, and the rest was for the children, who at the time, were both living with Lori. Shane acknowledged that he was not given any

5

sort of child support calculation or income and expense affidavit when the stipulation was made and that no financial documents were available. He also pointed out that at the time the parties stipulated to the $1,883.75 monthly amount, both children were living with Lori, but beginning sometime in the beginning of 2020 they began sharing 50/50 custody of Matthew.

The stipulation was made without any documentation of the parties' financial status[3] or Lori's entitlement to interim and final spousal support, and the stipulation was made when both children lived primarily with Lori. The stipulation did not contain the words "spousal support" or "child support" and provided that all issues previously pled remained outstanding. In the stipulation, the parties agreed that the amount was to be paid "for the time being subject to same being allocated at a later date." "[F]or the time being" indicates a temporary agreement, and "subject to same being allocated" indicates that the parties agreed to later determine and allocate the amounts for child support, spousal support, and community property reimbursement. Additionally, the matter was twice set for trial in 2020, but the trial did not occur.

With these facts in mind, we find the trial court erred in concluding that the $1,883.75 monthly amount in the stipulation encompassed both child support and spousal support and in concluding that "[t]he clear language of the stipulation indicated that the obligation would continue until such time as it was terminated or modified." Rather, the stipulation, considered with the testimony of both parties and the parties' attempts to reset the trial date, reveals that the $1,883.75 monthly amount was meant to be a temporary solution to cover community bills until the parties came

---

[3] Inherent in the process of calculating child support is the principle of equity that requires the court to examine the financial status of both parties. Documentation is essential to the setting of child support even in the context of an interim or temporary order. **Drury v. Drury**, 2001-877 (La. App. 1st Cir. 8/21/02), 835 So.2d 533, 539. While the $1,883.75 monthly amount was agreed to by stipulation, it was clearly intended to be a temporary solution until the parties' financial status could be established and considered.

back to court with their income information so that child support and spousal support could accurately be determined. Therefore, the trial court erred in awarding $56,512.50 in arrearages prior to the parties returning to court with their income information to allow the court to consider the parties' financial status and calculate the amounts actually owed.

Accordingly, we vacate the trial court's award of child support and spousal support arrearages and remand the matter to the trial court for both parties to provide their income information as well as any proof of the amounts Shane paid to Lori from March 29, 2019, the date Lori filed her petition, through the present for the calculation of any child support obligation in accordance with the child support guidelines. The trial court shall consider the parties' income as well as the custodial arrangement and ages of the parties' children in accordance with La. R.S. 9:315.2, et seq. The trial court shall also determine whether Lori is entitled to interim or final spousal support and the amount of same in accordance with La. Civ. Code arts. 111-113. Once the trial court makes the calculations for any child support and spousal support owed, any amount Shane paid including the $1,883.75 per month he paid until January 2020 should be deducted from the total amount owed to determine the arrearages or credits.

In his second and third assignments of error, Shane contends that the trial court committed legal error in establishing his and Lori's income. Specifically, Shane contends that the trial court did not apply La. R.S. 9:315(C)(3)(c) to calculate his self-employment income. According to La. R.S. 9:315(C)(3), "gross income" for the purpose of determining child support, is defined as:

> (a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, recurring monetary gifts, annuities, capital gains, social security benefits, workers' compensation benefits, basic and variable allowances for housing and subsistence from military pay and benefits, unemployment insurance benefits, disaster unemployment assistance received from the United States

7

Department of Labor, disability insurance benefits, and spousal support received from a preexisting spousal support obligation;

(b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent's personal living expenses. Such payments include but are not limited to a company car, free housing, or reimbursed meals; and

(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment.... .

A trial court's determination of the monthly gross income of a parent and the parents' credibility is subject to a manifest error standard of review. Generally, the trial court's order of child support is entitled to great weight and will not be disturbed on appeal absent clear abuse of discretion. **Bell v. Jackson**, 2018-1075 (La. App. 1st Cir. 5/31/19), 278 So.3d 382, 385-386. Louisiana Revised Statute 9:315.2(A) provides in pertinent part what each party should provide to the court in order to calculate child support:

Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. ... Suitable documentation of current earnings shall include but not be limited to pay stubs or employer statements. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party. When an obligor has an ownership interest in a business, suitable documentation shall include but is not limited to the last three personal and business state and federal income tax returns, including all attachments and all schedules, specifically Schedule K-1 and W-2 forms, 1099 forms, and amendments, the most recent profit and loss statements, balance sheets, financial statements, quarterly sales tax reports, personal and business bank account statements, receipts, and expenses. A copy of all statements and documentation shall be provided to the other party.

In written reasons for judgment, the trial court noted that Shane's gross monthly income was difficult to ascertain and set his income at $7,000.00 per month or $84,000.00 per year. After a thorough review of the evidence, we are unable to determine, based on the record before us, what evidence the trial court considered to determine Shane's income or how it arrived at an income of $7,000.00 per month. Additionally, Shane did not introduce a verified income statement as required by La.

R.S. 9:315.2(A) and provided no evidence to establish his income in 2021 or 2022. The only evidence of Shane's income was his 2020 tax return, and Shane and Lori both acknowledged during their testimony that Shane's income for 2020 was affected by the COVID-19 Pandemic.

Furthermore, the trial court set Lori's income based on her 2021 tax return and used $85.00 per month as the amount paid by Lori for health insurance for the minor child based solely on Lori's post-trial brief. There was no evidence introduced or testimony given regarding Lori's 2021 tax return and no evidentiary support for the trial court's finding that Lori paid $85.00 per month for health insurance. Although we recognize that we review judgments, and not reasons for judgment, there must nonetheless be evidentiary support for a ruling. **Bell v. Jackson**, 278 So.3d at 388. An award of support cannot be based on faulty or missing evidence. See **Reggio v. Reggio**, 2006-800 (La. App. 5th Cir. 3/13/07), 956 So.2d 637, 641.

Because the evidence supporting the amount of income used for Lori is not in the record and Shane's income was determined without proper evidence required by La. R.S. 9:315.2(A), we find merit to these assignments of error. Accordingly, we must vacate the trial court's determination of imputed income to Shane and Lori and remand the matter to the trial court to determine the parties' income based on the documents required by La. R.S. 9:315.2.

## CONCLUSION

For the foregoing reasons, we vacate the portions of the judgment ordering Shane to pay $56,512.50 in arrearages and ordering Shane to pay $62.00 a month to Lori in child support. The matter is remanded to the trial court to set child support and spousal support and to determine any arrearages Shane may owe Lori for child support and interim and final spousal support retroactive to March 29, 2019, based on the appropriate income information, and to credit Shane for any amounts previously paid to Lori. The matter is further remanded for the trial court to

9

determine the parties' income in accordance with La. R.S. 9:315.2 to calculate the current child support obligation.

**VACATED AND REMANDED WITH INSTRUCTIONS.**